77 F.3d 486
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that they are not precedent and generally should not be cited unless relevant to establishing the doctrines of res judicata, collateral estoppel, the law of the case, or if the opinion has persuasive value on a material issue and no published opinion would serve as well.
Otto JONES, Plaintiff-Appellee,
v.
Dave PARKMAN, Sheriff; Unknown Deputies of St. Francis
County, Arkansas; George Hutcherson, B. McCollum, Regan
Hill, Issac Whitaker, Phyllis Ellis, William Wise, Hank
Delaney, Paul Spears, Earl Gore, Arthur Witherspoon, Cliff
Wise, Members of the St. Francis County Quorum Court,
Defendants-Appellants.
 No. 95-1311.
 United States Court of Appeals, Eighth Circuit.
 Submitted Jan. 12, 1996.
Filed Feb. 23, 1996.
 
 Before LOKEN, REAVLEY,* and HANSEN, Circuit Judges.
 PER CURIAM.
 
 
 1
 Otto Jones brought this action under 42 U.S.C. § 1983 alleging that, when he and Sheriff Dave Parkman were rival candidates for Sheriff of St. Francis County in the November 1992 general election, Parkman and his deputies arrested Jones under a void Clay County warrant for the purpose of embarrassing Jones with the electorate. St. Francis County, by the members of its Quorum Court, was joined as defendant for failing to train Parkman and for ratifying his unconstitutional conduct. Defendants moved for summary judgment on the ground of qualified immunity. The district court denied that motion, commenting:
 
 
 2
 Parkman suggests that the 1992 arrest was at the urging of Darwin Stow, Sheriff of Clay County, Arkansas. The affidavit of Sheriff Stow furnished by plaintiff suggests otherwise, and specifically indicates that Parkman called him inquiring about obtaining a copy of the 1987 warrant for plaintiff's arrest. Plaintiff's affidavit also contradicts Parkman's in a number of respects.
 
 
 3
 From all the affidavits presented, the Court cannot say as a matter of law that Parkman and the unknown deputies were reasonable in believing the 1992 arrest of plaintiff to be lawful.
 
 
 4
 On appeal, defendants argue that they are entitled to qualified immunity because Sheriff Parkman and his deputies acted pursuant to a facially valid warrant in arresting Jones. However, "a defendant, entitled to invoke a qualified-immunity defense, may not appeal a district court's summary judgment order insofar as that order determines whether or not the pretrial record sets forth a 'genuine' issue of fact for trial." Johnson v. Jones, 115 S.Ct. 2151, 2159 (1995). Nor do we have jurisdiction to consider, in an interlocutory appeal, defendants' assertion "that the Quorum Court members had absolutely nothing to do with" Jones's arrest and incarceration. See Swint v. Chambers County Comm'n, 115 S.Ct. 1203, 1211-12 (1995). Accordingly, we dismiss this appeal for lack of jurisdiction. See Kincade v. City of Blue Springs, 64 F.3d 389, 394-95 (8th Cir.1995).
 
 
 
 *
 The HONORABLE THOMAS M. REAVLEY, United States Circuit Judge for the Fifth Circuit, sitting by designation