**PUBLISHED**

# UNITED STATES COURT OF APPEALS

## FOR THE FOURTH CIRCUIT

GLEN RAEFORD MABREY, JR.,
Administrator of the Estate of Glen
Raeford Mabrey, Sr.,
                    *Plaintiff-Appellee,*

v.

HAL B. FARTHING, III, R.N.,
                    *Defendant-Appellant,*

and

JAMES SMITH, M.D.; MOHAMMAD
AKTARUZZAMAN, a/k/a Mohammad
Zaman, M.D.; TERRY REES, M.D.;
GORDON LAVIN, M.D.; HAROLD GLEN
TART, R.N.; JAMES MALLARD, R.N.;
PAT RAY, L.P.N.; JOHN JONES, R.N.;
DORIS MILLS, R.N.; SABBATH
LUYANDO, R.N.; JOSEPH CREECH,
R.N.; AMY L. ORTIZ, R.N.; MARIO
A. RODRIQUEZ, R.N.; ROSA SETTLE,
R.N.; LIZZIE T. SIMPSON, L.P.N.;
MARK LUCAS, L.P.N.,
                    *Defendants.*

No. 99-2149

Glen Raeford Mabrey, Jr.,
Administrator of the Estate of Glen
Raeford Mabrey, Sr.,
                    *Plaintiff-Appellee,*

                    v.

Terry Rees, M.D.; Mohammad
Aktaruzzaman, a/k/a Mohammad
Zaman, M.D.,
                    *Defendants-Appellants,*

                    and

Hal B. Farthing, III., R.N.; James
Smith, M.D.; Gordon Lavin, M.D.;
Harold Glen Tart, R.N.; James
Mallard, R.N.; Pat Ray, L.P.N.;
John Jones, R.N.; Doris Mills,
R.N.; Sabbath Luyando, R.N.;
Joseph Creech, R.N.; Amy L. Ortiz,
R.N.; Mario A. Rodriquez, R.N.;
Rosa Settle, R.N.; Lizzie T.
Simpson, L.P.N.; Mark Lucas,
L.P.N.,
                    *Defendants.*

No. 99-2178

GLEN RAEFORD MABREY, JR.,
Administrator of the Estate of Glen
Raeford Mabrey, Sr.,
                    *Plaintiff-Appellee,*

                    v.

ROSA SETTLE, R.N.,
                    *Defendant-Appellant,*

                    and

HAL B. FARTHING, III, R.N.; JAMES
SMITH, M.D.; MOHAMMAD
AKTARUZZAMAN, a/k/a Mohammad
Zaman, M.D.; TERRY REES, M.D.;
GORDON LAVIN, M.D.; HAROLD GLEN
TART, R.N.; JAMES MALLARD, R.N.;
PAT RAY, L.P.N.; JOHN JONES, R.N.;
DORIS MILLS, R.N.; SABBATH
LUYANDO, R.N.; JOSEPH CREECH,
R.N.; AMY L. ORTIZ, R.N.; MARIO
A. RODRIQUEZ, R.N.; LIZZIE T.
SIMPSON, L.P.N.; MARK LUCAS,
L.P.N.,
                    *Defendants.*

No. 99-2179

Appeals from the United States District Court
for the Eastern District of North Carolina, at Greenville.
Malcolm J. Howard, District Judge.
(CA-98-37-4-H)

Argued: May 2, 2000

Decided: February 7, 2002

Before WIDENER, MURNAGHAN,* and NIEMEYER,
Circuit Judges.

---

Dismissed by published opinion. Judge Widener wrote the opinion, in which Judge Niemeyer concurred.

---

## COUNSEL

**ARGUED:** James Peeler Smith, Special Deputy Attorney General, NORTH CAROLINA DEPARTMENT OF JUSTICE, Raleigh, North Carolina; Elizabeth E. McConnell, NORTHUP & MCCONNELL, P.L.L.C., Asheville, North Carolina, for Appellants. Bruce William Berger, PIPKIN, KNOTT, CLARK & BERGER, Raleigh, North Carolina, for Appellee. **ON BRIEF:** Michael F. Easley, North Carolina Attorney General, Christine Marion Ryan, Assistant Attorney General, NORTH CAROLINA DEPARTMENT OF JUSTICE, Raleigh, North Carolina; Isaac N. Northup, Anna R. Hamrick, NORTHUP & MCCONNELL, P.L.L.C., Asheville, North Carolina; Renee B. Crawford, YATES, MCLAMB & WEYHER, L.L.P., Raleigh, North Carolina, for Appellants. Joe Thomas Knott, III, PIPKIN, KNOTT, CLARK & BERGER, Raleigh, North Carolina, for Appellee.

---

## OPINION

WIDENER, Circuit Judge:

These cases are appeals from an order of the district court declining to grant qualified immunity to the defendants, all of whom are physicians or registered or licensed practical nurses involved in the care of Glen Mabrey, Sr. while he was in the custody of the North Carolina Department of Correction. Mabrey died of severe dehydration on Feb-

---

*Judge Murnaghan heard oral argument in this case but died prior to the time the decision was filed. The decision is filed by a quorum of the panel. 28 U.S.C. § 46(d).

ruary 29, 1996, and at the time the occurrences here commenced, had been transferred on February 21, 1996 to the mental health section of the Central Prison Hospital in Raleigh, North Carolina. At that time, there was evidence that he was disoriented, did not know who he was, was not in touch with reality, and was unable to follow simple commands and was a risk to himself. While being observed by mental health personnel, Mabrey began to flood his cell, believing he smelled smoke. The water to his cell was turned off on February 23, 1996 and remained off until Mabrey was transferred to the emergency room on February 27, 1996. During the period February 21-29, 1996, Mabrey remained in an unstable mental state and was treated, observed and attended, any or all of the same, by some or all of the original 17 defendants, eight of whom have been voluntarily dismissed from the case. One thing led to another, whether without fault, by mishap, negligence or deliberate indifference, leading to Mabrey's death on the 29th from severe dehydration.

The defendants filed motions for summary judgment on account of qualified immunity, and the district court granted one of such motions, denying the others. Doctors Aktaruzzaman and Rees and registered nurses Farthing and Settle have appealed.

The district court correctly identified the issue in the case under Mabrey's claim as whether the defendants were deliberately indifferent to Mabrey's serious medical needs. It held that to survive a motion for summary judgment the plaintiff must forecast evidence from which a reasonable jury could conclude that the defendants were aware of facts from which the inference could be drawn that substantial risk of serious harm existed and that the defendants actually drew the inference. A.75.

The depositions of some 20 witnesses, all physicians or registered or practical nurses, including six non-parties to the case, were submitted to the district court, which found that the parties did not agree on numerous issues and correctly found that there were issues of disputed fact. There being issues of disputed fact upon which a qualified immunity defense might depend, the district court correctly concluded that the qualified immunity defense was not then available for that reason, see *Celotex Corp. v. Catrett*, 477 U.S. 317, 319-324 (1986),

not that it is precluded later, cf. *Behrens v. Pelletier*, 516 U.S. 299 (1996).

Again, there being disputed facts with respect to whether or not the defense of qualified immunity was available, the case is not appealable. ". . . [A] defendant, entitled to invoke a qualified immunity defense, may not appeal a district court's summary judgment order insofar as that order determines whether or not the pretrial record sets forth a 'genuine' issue of fact for trial." *Johnson v. Jones*, 515 U.S. 304, 319-320 (1995). There is no contention that the decision of the district court to deny the summary judgment motion was inextricably intertwined with its decision to deny the qualified immunity motion. See *Swint v. Chambers County Comm.*, 514 U.S. 35, 51 (1995).

The appeals in this case are accordingly dismissed without prejudice for want of jurisdiction.

*APPEALS DISMISSED WITHOUT PREJUDICE*