**Ernest Kelly HOLESTINE,
Plaintiff—Appellee,**

v.

**G. HARDING; C.A. Terhune, Director of the DOC; Dr. D. Winslow; Dr. K. Johns, M.D.; and L. Melching, Defendants—Appellants,**

and

**K. McKinsey; R.L. Ayers, Warden; G. Starcevich; Cannon Mora; and Dr. Thor, Defendants.**

No. 02–15091.

D.C. No. CV–99–05200–PJH.

United States Court of Appeals,
Ninth Circuit.

Submitted Nov. 5, 2002.*

Decided Nov. 26, 2002.

Before B. FLETCHER, RAWLINSON and CLIFTON, Circuit Judges.

---

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

* The panel finds this case appropriate for submission without oral argument pursuant to Fed. R.App. P. 34(a)(2).

## MEMORANDUM**

Appellee/Plaintiff Ernest Kelly Holestine ("Holestine"), filed a *pro se* civil rights action under 42 U.S.C. § 1983 alleging that his Eighth Amendment rights were violated when prison officials failed to treat his hepatitis C condition.

Appellants/Defendants Cal Terhune, *et al.* ("Appellants") appeal the district court's denial of summary judgment on their qualified immunity claim. Additionally, Appellants request that defendants Terhune, Harding and McGrath be dismissed from the action because they were not individually involved with Holestine's medical treatment.

Medical treatment in the prison context violates the Eighth Amendment's prohibition against cruel and unusual punishment and gives rise to Section 1983 liability only if the prisoner is deprived of the "minimal civilized measure of life's necessities," and the conduct complained of constitutes "deliberate indifference" to the "serious medical needs" of the prisoner. *Hallett v. Morgan*, 296 F.3d 732, 744 (9th Cir.2002) (citations omitted).

The district court viewed the evidence in the light most favorable to Holestine and did not err in denying qualified immunity to Appellants. *See Robinson v. Prunty*, 249 F.3d 862, 866 (9th Cir.2001); *Wood v. Housewright*, 900 F.2d 1332, 1335 (9th Cir. 1990) (recognizing that a six-day delay in treating hepatitis may constitute deliberate indifference).

We do not reach the issue of the prison supervisors' dismissal on grounds other than qualified immunity because we lack jurisdiction over that interlocutory matter.

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

*See Swint v. Chambers County Commission*, 514 U.S. 35, 50–51, 115 S.Ct. 1203, 131 L.Ed.2d 60 (1995).

**AFFIRMED.**