SIERRA NATIONAL INSURANCE HOLDINGS, INC.; Georgia Lee, as Receiver for Sierra National Insurance Holdings, Inc., Plaintiffs—Appellees,

v.

CREDIT LYONNAIS S. A., Defendant,

and

New California Life Holdings, Inc.; Aurora National Life Assurance Company, Defendants—Appellants.

Sierra National Insurance Holdings, Inc.; Georgia Lee, as Receiver for Sierra National Insurance Holdings, Inc., Plaintiffs—Appellants,

v.

Credit Lyonnais S.A., Defendant,

and

New California Life Holdings, Inc.; Aurora National Life Assurance Company, Defendants—Appellees.

Nos. 02–55193, 02–55259.
D.C. No. CV–01–01339–AHM.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Feb. 11, 2003.

Decided March 26, 2003.

Before B. FLETCHER and HAWKINS, Circuit Judges, and BURY,

District Judge.*

## MEMORANDUM **

Appellants, defendants Aurora National Life Assurance Company and New California Life Holdings, Inc. ("Aurora"), file this interlocutory appeal from the district court's order granting in part and denying in part a motion to dismiss filed by all defendants. Aurora appeals the district court's denial of its motion to dismiss plaintiff's state tort claim of interference with business expectancy. Plaintiff, Sierra National Insurance Holdings, Inc. ("Sierra"), cross-appeals dismissal of its RICO claims and its state tort claim of negligent interference with business expectancy.

The parties seek appellate review on the basis of 28 U.S.C. § 1291, which is warranted on an interlocutory basis only under the collateral order rule, which provides "that certain orders may be appealed, notwithstanding the absence of final judgment, but only when they are conclusive, resolve important questions separate from the merits, and are effectively unreviewable on appeal from the final judgment in the underlying action." *Cunningham v. Hamilton County, Ohio,* 527 U.S.

198, 202, 119 S.Ct. 1915, 144 L.Ed.2d 184 (1999) (internal quotation omitted).

■ Aurora appeals from the denial of its motion to dismiss, in which it asserted immunity from suit under Cal. Civ.Code § 47(b) and Cal. Ins.Code § 12919. A denial of a motion to dismiss would normally not be a final reviewable order, but a ruling denying a claim of immunity from suit, as opposed to a mere defense to liability, is immediately appealable under the collateral order doctrine. *See Mitchell v. Forsyth,* 472 U.S. 511, 526–27, 105 S.Ct. 2806, 86 L.Ed.2d 411 (1985) (privilege not to stand trial is effectively lost if a case erroneously goes to trial).[1]

We agree with Aurora that Cal. Civ. Code § 47(b) provides not merely a defense to liability, but an immunity from suit. *See Silberg v. Anderson,* 50 Cal.3d 205, 266 Cal.Rptr. 638, 786 P.2d 365, 369–70 (Cal.1990); *Howard v. Drapkin,* 222 Cal.App.3d 843, 864, 271 Cal.Rptr. 893 (1990). California has provided by statute a right not to stand trial or to face the burdens of litigation, a right which is effectively lost if a case erroneously goes to trial. This important interest warrants immediate appellate review.[2]

* The Honorable David C. Bury, United States District Judge for the District of Arizona, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

1. Aurora would also have us reach the question of Sierra's standing in this interlocutory appeal, arguing that we have pendent appellant jurisdiction over the question. Unlike the immunity issue, however, standing is potentially quite fact-dependant in this case and can be adequately addressed after a final decision is entered. Although the Supreme Court happened to address the question of standing on interlocutory appeal in *Vermont Agency of Natural Resources v. U.S. ex rel. Stevens,* 529 U.S. 765, 771, 120 S.Ct. 1858, 146 L.Ed.2d

836 (2000), nothing in that opinion indicates that an appellate court *must* do so. Indeed, the Court has previously made it quite clear that the exercise of pendent appellate jurisdiction is discretionary and should be reserved for rare cases in which the rulings are "inextricably intertwined." *Swint v. Chambers County Commission,* 514 U.S. 35, 50–51, 115 S.Ct. 1203, 131 L.Ed.2d 60 (1995). This is not such a case. We therefore heed the Court's caution that "loosely allowing pendent appellate jurisdiction would encourage parties to parlay *Cohen*-type collateral orders into multi-issue interlocutory appeal tickets," *id.* at 49–50, and decline to address the question of Sierra's standing at this time.

2. In contrast, there is no case law or legislative history to suggest that Cal. Ins.Code § 12919 is an immunity from suit versus a

We therefore consider whether the communications made by Aurora in relation to the rehabilitation proceedings fall within the Section 47(b) privilege. The privilege applies to any communication "(1) made in judicial or quasi-judicial proceedings; (2) by litigants or other participants authorized by law; (3) to achieve the objects of the litigation; and (4) that have some connection or logical relation to the action." *Silberg*, 266 Cal.Rptr. 638, 786 P.2d at 369.

■ The district court properly found that Aurora's communications did not fall within this privilege. The function of the rehabilitation proceeding was exceptionally narrow—to reorganize the failed insurance company—and not to resolve legal disputes between potential bidders. The communications were thus not "made in judicial or quasi-judicial proceedings" of the type described in Cal. Civ.Code § 47(b). Moreover, the statements did not "have some connection or logical relation" to the rehabilitation proceeding, and thus are not protected communications under Section 47(b). *See Sacramento Brewing Co. v. Desmond, Miller & Desmond*, 75 Cal.App.4th 1082, 1089, 89 Cal.Rptr.2d 760 (1999) (explaining that "logical-relation" test for the litigation privilege includes requirement that communication be in furtherance of the objects of the litigation).

We AFFIRM the district court's denial of Aurora's motion to dismiss on the grounds of immunity under Cal. Civ.Code § 47(b). All other issues presented in this

appeal are DISMISSED for lack of jurisdiction.

mere defense, and we thus lack jurisdiction to address the merits of the district court's ruling that Section 12919 does not immunize Aurora from liability.
* Jo Anne Barnhart, is substituted for her predecessor, Larry G. Massanari, as Acting Commissioner of the Social Security Administration. Fed. R.App. P. 43(c)(2).
** This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).