**Gary R. WALL and William Cooksey, Sr., Plaintiffs–Appellants,**

v.

**CONSTRUCTION & GEN. LABORERS' UNION, et al., Defendants–Appellees.**

No. 03–6091.

United States Court of Appeals, Second Circuit.

Nov. 17, 2003.

Gary R. Wall, Wethersfield, CT, and William Cooksey, Sr., Hartford, CT, pro se.

John T. Fussell, Robert M. Cheverie & Associates, P.C. (Robert M. Cheverie, on the brief), East Hartford, CT, for Appellees.

PRESENT: CARDAMONE, SOTOMAYOR, and KATZMANN, Circuit Judges.

## SUMMARY ORDER

Plaintiffs-appellants Gary R. Wall and William Cooksey appeal from an order of the United States District Court for the District of Connecticut (Hall, J.), denying their motions for a preliminary injunction and for consolidation of a hearing on the preliminary injunction with a trial on the merits pursuant to Federal Rule of Civil Procedure 65(a)(2). On appeal, Wall and Cooksey argue that the district judge abused her discretion in denying the motions.

Plaintiffs sought a preliminary injunction to enjoin defendants from "yelling out serious verbal (false) incriminations [sic] to the membership at membership meetings accusing the plaintiffs' [sic] of violent labor and non labor related crimes." They allege that at a union membership meeting in March 1998, one of the defendants read aloud a letter that accused Wall of having connections to organized crime and of participating in a number of violent incidents. Plaintiffs also claim that information about Cooksey's "psychiatric condition" was read aloud to the membership.

This Court has jurisdiction to consider an interlocutory appeal of the denial of a motion for a preliminary injunction under 28 U.S.C. § 1292(a)(1), and reviews the district court's decision for an abuse of discretion. *See Zervos v. Verizon New York, Inc.*, 252 F.3d 163, 167 (2d Cir.2001). A district court abuses its discretion when "its decision rests on an error of law (such as application of the wrong legal principle) or a clearly erroneous factual finding, or ... its decision—though not necessarily the product of a legal error or a clearly erroneous factual finding—cannot be located within the range of permissible decisions." *Id.* at 169.

We hold that the district court did not abuse its discretion in denying plaintiffs' motion for a preliminary injunction without a hearing, and affirm substantially for the reasons stated by the district court. We agree with the district court's conclusion that an evidentiary hearing was not necessary to dispose of plaintiffs' motion because appellants had failed to identify witnesses who would testify as to the alleged harm, and thus could not demonstrate that an evidentiary hearing would help resolve any factual issues *See Maryland Cas. Co. v. Realty Advisory Bd. on Labor Rels.*, 107 F.3d 979, 984 (2d Cir. 1997) ("[T]here is no hard and fast rule in this circuit that oral testimony must be taken on a motion for a preliminary injunction or that the court can in no circumstances dispose of the motion on the papers before it.").

We also concur with the district court's finding that plaintiffs' failure to show that they would suffer irreparable harm in the absence of immediate relief precluded issuing the preliminary injunction. A party seeking injunctive relief must show "that (1) absent injunctive relief, it will suffer irreparable harm, and (2) either ... that it is likely to succeed on the merits, or ... that there are sufficiently serious questions going to the merits to make them a fair ground for litigation, and that the balance of hardships tips decidedly in favor of the moving party." *Otokoyama Co. Ltd. v. Wine of Japan Import, Inc.*, 175 F.3d 266, 270 (2d Cir.1999). The court properly concluded that plaintiffs had failed to demonstrate irreparable harm, as their allegations, based solely on one five-year-old instance of the allegedly harmful conduct, did not establish that the defendants' challenged actions were ongoing. Relatedly, plaintiffs also failed to show that money damages would be inadequate to redress the harm alleged.

We also affirm the district court's order denying plaintiffs' motion to

consolidate a hearing on the preliminary injunction with a trial on the merits pursuant to Rule 65(a)(2). Although the order denying the motion to consolidate was a non-final order not encompassed by 28 U.S.C. § 1292(a), and the district court did not certify the issue for appeal pursuant to 28 U.S.C. § 1292(b), we opt to exercise pendent jurisdiction over the consolidation decision because it is "inextricably intertwined" with the ruling on the preliminary injunction. *See United States Fid. & Guar. Co. v. Braspetro Oil Servs.*, 199 F.3d 94, 97 (2d Cir.1999) (citing *Swint v. Chambers County Comm'n*, 514 U.S. 35, 51, 115 S.Ct. 1203, 131 L.Ed.2d 60 (1995)). Fed. R.Civ.P. 65(a)(2) provides that "[b]efore or after the commencement of the hearing of an application for a preliminary injunction, the court may order the trial of the action on the merits to be advanced and consolidated with the hearing of the application." Because the district court decided the motion for a preliminary injunction without conducting a hearing, the motion to consolidate became moot. The district court therefore did not abuse its discretion in denying the motion.

We have considered the other arguments raised by plaintiffs and find them to be without merit.

For these reasons, the order of the district court is AFFIRMED.