SWINT ET AL. *v.* CHAMBERS COUNTY
COMMISSION ET AL.

No. 93–1636.   Argued January 10, 1995—Decided March 1, 1995

GINSBURG, J., delivered the opinion for a unanimous Court.

*Robert B. McDuff* argued the cause for petitioners. With him on the briefs were *Carlos A. Williams, Bryan Stevenson,* and *Bernard Harcourt.*

*Paul R. Q. Wolfson* argued the cause for the United States as *amicus curiae* in support of petitioners. On the brief were *Solicitor General Days, Assistant Attorney General Patrick, Deputy Solicitor General Bender, Beth S. Brinkmann, Jessica Dunsay Silver,* and *Linda F. Thorne.*

*Paul M. Smith* argued the cause for respondents. With him on the brief for respondent Chambers County Commission were *Bruce J. Ennis, Donald B. Verrilli, Jr., James W. Webb, Kendrick E. Webb,* and *Bart Harmon.**

JUSTICE GINSBURG delivered the opinion of the Court.

In the wake of successive police raids on a nightclub in Chambers County, Alabama, two of the club's owners joined by an employee and a patron (petitioners here) sued the Chambers County Commission (respondent here), the city of Wadley, and three individual police officers. Petitioners sought damages and other relief, pursuant to 42 U. S. C. § 1983, for alleged civil rights violations. We granted certiorari to review the decision of the United States Court of Appeals for the Eleventh Circuit, which held that the Chambers County Commission qualified for summary judgment because the sheriff who authorized the raids was a state executive officer and not an agent of the county commission. We do not reach that issue, however, because we conclude

---

*\*J. Michael McGuinness* filed a brief for the Southern States Police Benevolent Association as *amicus curiae* urging reversal.

Briefs of *amici curiae* urging affirmance were filed for Jefferson County, Alabama, by *Charles S. Wagner;* and for the National Association of Counties et al. by *Richard Ruda.*

*Mitchell F. Dolin, T. Jeremy Gunn, Steven R. Shapiro, Michael A. Cooper, Herbert J. Hansell, Norman Redlich, Thomas J. Henderson,* and *Sharon R. Vinick* filed a brief for the American Civil Liberties Union et al. as *amici curiae.*

that the Eleventh Circuit lacked jurisdiction to rule on the county commission's liability at this interlocutory stage of the litigation.

The Eleventh Circuit unquestionably had jurisdiction to review the denial of the individual police officer defendants' motions for summary judgment based on their alleged qualified immunity from suit. But the Circuit Court did not thereby gain authority to review the denial of the Chambers County Commission's motion for summary judgment. The commission's appeal, we hold, does not fit within the "collateral order" doctrine, nor is there "pendent party" appellate authority to take up the commission's case. We therefore vacate the relevant portion of the Eleventh Circuit's judgment and remand the case for proceedings consistent with this opinion.

I

On December 14, 1990, and again on March 29, 1991, law enforcement officers from Chambers County and the city of Wadley, Alabama, raided the Capri Club in Chambers County as part of a narcotics operation. The raids were conducted without a search warrant or an arrest warrant. Petitioners filed suit, alleging, among other claims for relief, violations of their federal civil rights. Petitioners named as defendants the county commission; the city of Wadley; and three individual defendants, Chambers County Sheriff James C. Morgan, Wadley Police Chief Freddie Morgan, and Wadley Police Officer Gregory Dendinger.

The five defendants moved for summary judgment on varying grounds. The three individual defendants asserted qualified immunity from suit on petitioners' federal claims. See *Anderson* v. *Creighton,* 483 U. S. 635, 639 (1987) (governmental officials are immune from suit for civil damages unless their conduct is unreasonable in light of clearly established law). Without addressing the question whether Wadley Police Chief Freddie Morgan, who participated in the

raids, was a policymaker for the municipality, the city argued that a *respondeat superior* theory could not be used to hold it liable under § 1983. See *Monell* v. *New York City Dept. of Social Servs.*, 436 U. S. 658, 694 (1978) (a local government may not be sued under § 1983 for injury inflicted solely by its nonpolicymaking employees or agents). The Chambers County Commission argued that County Sheriff James C. Morgan, who authorized the raids, was not a policymaker for the county.

The United States District Court for the Middle District of Alabama denied the motions for summary judgment. The District Court agreed that § 1983 liability could not be imposed on the city for an injury inflicted by a nonpolicy-making employee; that court denied the city's summary judgment motion, however, because the city had failed to argue that Wadley Police Chief Freddie Morgan was not its policymaker for law enforcement. Regarding the county commission's motion, the District Court was "persuaded by the Plaintiffs that Sheriff [James C.] Morgan may have been the final decision-maker for the County in ferreting out crime, although he is a State of Alabama employee." App. to Pet. for Cert. 67a. The District Court later denied the defendants' motions for reconsideration, but indicated its intent to revisit, before jury deliberations, the question whether Sheriff Morgan was a policymaker for the county:

> "The Chambers County Defendants correctly point out that whether Sheriff James Morgan was the final policy maker is a question of law that this Court can decide. What th[is] Court decided in its [prior order] was that the Plaintiffs had come forward with sufficient evidence to persuade this Court that Sheriff Morgan may be the final policy maker for the County. The parties will have an opportunity to convince this Court that Sheriff Morgan was or was not the final policy maker

for the County, and the Court will make a ruling as a matter of law on that issue before the case goes to the jury." *Id.*, at 72a.

Invoking the rule that an order denying qualified immunity is appealable before trial, *Mitchell* v. *Forsyth*, 472 U. S. 511, 530 (1985), the individual defendants immediately appealed. The city of Wadley and the Chambers County Commission also appealed, arguing, first, that the denial of their summary judgment motions—like the denial of the individual defendants' summary judgment motions—was immediately appealable as a collateral order satisfying the test announced in *Cohen* v. *Beneficial Industrial Loan Corp.*, 337 U. S. 541, 546 (1949) (decisions that are conclusive, that resolve important questions apart from the merits of the underlying action, and that are effectively unreviewable on appeal from final judgment may be appealed immediately). Alternatively, the city and county commission urged the Eleventh Circuit Court of Appeals to exercise "pendent appellate jurisdiction," a power that court had asserted in earlier cases. Stressing the Eleventh Circuit's undisputed jurisdiction over the individual defendants' qualified immunity pleas, the city and county commission maintained that, in the interest of judicial economy, the court should resolve, simultaneously, the city's and commission's appeals.

The Eleventh Circuit affirmed in part and reversed in part the District Court's order denying summary judgment for the individual defendants. 5 F. 3d 1435, 1448 (1993), modified, 11 F. 3d 1030, 1031–1032 (1994). Next, the Eleventh Circuit held that the District Court's rejections of the county commission's and city's summary judgment motions were not immediately appealable as collateral orders. 5 F. 3d, at 1449, 1452. Nevertheless, the Circuit Court decided to exercise pendent appellate jurisdiction over the county commission's appeal. *Id.*, at 1449–1450. Holding that Sheriff James C.

Morgan was not a policymaker for the county in the area of law enforcement, the Eleventh Circuit reversed the District Court's order denying the county commission's motion for summary judgment. *Id.*, at 1450–1451. The Eleventh Circuit declined to exercise pendent appellate jurisdiction over the city's appeal because the District Court had not yet decided whether Wadley Police Chief Freddie Morgan was a policymaker for the city. *Id.*, at 1451–1452.[1]

We granted certiorari to review the Court of Appeals' decision that Sheriff Morgan is not a policymaker for Chambers County. 512 U. S. 1204 (1994). We then instructed the parties to file supplemental briefs addressing this question: Given the Eleventh Circuit's jurisdiction to review immediately the District Court's refusal to grant summary judgment for the individual defendants in response to their pleas of qualified immunity, did the Circuit Court also have jurisdiction to review at once the denial of the county commission's summary judgment motion? 513 U. S. 958 (1994). We now hold that the Eleventh Circuit should have dismissed the county commission's appeal for want of jurisdiction.

## II

We inquire first whether the denial of the county commission's summary judgment motion was appealable as a collateral order. The answer, as the Court of Appeals recognized, is a firm "No."

By statute, federal courts of appeals have "jurisdiction of appeals from all final decisions of the district courts," except where direct review may be had in this Court. 28 U. S. C. § 1291. "The collateral order doctrine is best understood not as an exception to the 'final decision' rule laid down by Con-

---

[1] On Sheriff James C. Morgan's suggestion for rehearing en banc, the Eleventh Circuit modified its opinion with respect to an issue not relevant here and denied rehearing en banc. 11 F. 3d 1030 (1994).

gress in § 1291, but as a 'practical construction' of it." *Digital Equipment Corp.* v. *Desktop Direct, Inc.*, 511 U. S. 863, 867 (1994) (quoting *Cohen*, 337 U. S., at 546). In *Cohen*, we held that § 1291 permits appeals not only from a final decision by which a district court disassociates itself from a case, but also from a small category of decisions that, although they do not end the litigation, must nonetheless be considered "final." *Id.*, at 546. That small category includes only decisions that are conclusive, that resolve important questions separate from the merits, and that are effectively unreviewable on appeal from the final judgment in the underlying action. *Ibid.*

The District Court planned to reconsider its ruling on the county commission's summary judgment motion before the case went to the jury. That court had initially determined only that "Sheriff Morgan . . . *may have been* the final policy maker for the County." App. to Pet. for Cert. 67a (emphasis added). The ruling thus fails the *Cohen* test, which "disallow[s] appeal from any decision which is tentative, informal or incomplete." 337 U. S., at 546; see *Coopers & Lybrand* v. *Livesay*, 437 U. S. 463, 469 (1978) (order denying class certification held not appealable under collateral order doctrine, in part because such an order is "subject to revision in the District Court").

Moreover, the order denying the county commission's summary judgment motion does not satisfy *Cohen*'s requirement that the decision be effectively unreviewable after final judgment. When we placed within the collateral order doctrine decisions denying pleas of government officials for qualified immunity, we stressed that an official's qualified immunity is "an *immunity from suit* rather than a mere defense to liability; and like an absolute immunity, it is effectively lost if a case is erroneously permitted to go to trial." *Mitchell*, 472 U. S., at 526 (emphasis in original).

The county commission invokes our decision in *Monell,* which held that municipalities are liable under § 1983 only for violations of federal law that occur pursuant to official governmental policy or custom. *Monell,* the commission contends, should be read to accord local governments a qualified right to be free from the burdens of trial. Accordingly, the commission maintains, the commission should be able to appeal immediately the District Court's denial of its summary judgment motion. This argument undervalues a core point we reiterated last Term: "§ 1291 requires courts of appeals to view claims of a 'right not to be tried' with skepticism, if not a jaundiced eye," *Digital Equipment,* 511 U. S., at 873, for "virtually every right that could be enforced appropriately by pretrial dismissal might loosely be described as conferring a 'right not to stand trial,'" *ibid.;* cf. *United States* v. *MacDonald,* 435 U. S. 850, 858–859 (1978) (denial of pretrial motion to dismiss an indictment on speedy trial grounds held not appealable under collateral order doctrine).

The commission's assertion that Sheriff Morgan is not its policymaker does not rank, under our decisions, as an immunity from suit. Instead, the plea ranks as a "mere defense to liability." *Mitchell,* 472 U. S., at 526. An erroneous ruling on liability may be reviewed effectively on appeal from final judgment. Therefore, the order denying the county commission's summary judgment motion was not an appealable collateral order.

## III

Although the Court of Appeals recognized that the District Court's order denying the county commission's summary judgment motion was not appealable as a collateral order, the Circuit Court reviewed that ruling by assuming jurisdiction pendent to its undisputed jurisdiction to review the denial of the individual defendants' summary judgment motions. Describing this "pendent appellate jurisdiction" as discretionary, the Eleventh Circuit concluded that judicial

economy warranted its exercise in the instant case: "If the County Commission is correct about the merits in its appeal," the court explained, "reviewing the district court's order would put an end to the entire case against the County . . . ." 5 F. 3d, at 1450.[2]

[2] The Federal Courts of Appeals have endorsed the doctrine of pendent appellate jurisdiction, although they have expressed varying views about when such jurisdiction is properly exercised. See, e. g., *Roque-Rodriguez* v. *Lema Moya,* 926 F. 2d 103, 105, n. 2 (CA1 1991) (noting that the First Circuit has "refrained" from exercising pendent appellate jurisdiction, but characterizing the Circuit's practice as "self-imposed"); *Golino* v. *New Haven,* 950 F. 2d 864, 868–869 (CA2 1991) (exercising discretion to consider otherwise nonappealable issues because sufficient overlap exists in the factors relevant to the appealable and nonappealable issues), cert. denied, 505 U. S. 1221 (1992); *Natale* v. *Ridgefield,* 927 F. 2d 101, 104 (CA2 1991) ("Only in exceptional circumstances should litigants, over whom this Court cannot ordinarily exercise jurisdiction, be permitted to ride on the jurisdictional coattails of another party."); *National Union Fire Ins. Co.* v. *City Savings, F. S. B.,* 28 F. 3d 376, 382, and n. 4 (CA3 1994) (reserving question whether pendent appellate jurisdiction is available in any circumstances other than when "necessary to ensure meaningful review of an appealable order") (internal quotation marks omitted); *Roberson* v. *Mullins,* 29 F. 3d 132, 136 (CA4 1994) (recognizing pendent appellate jurisdiction "if the issues involved in the two rulings substantially overlap and review will advance the litigation or avoid further appeals") (internal quotation marks omitted); *Silver Star Enterprises* v. *M/V SARAMACCA,* 19 F. 3d 1008, 1014 (CA5 1994) (declining to exercise pendent appellate jurisdiction because otherwise nonappealable order was not "inextricably entwined" with appealable order); *Williams* v. *Kentucky,* 24 F. 3d 1526, 1542 (CA6 1994) (same); *United States ex rel. Valders Stone & Marble, Inc.* v. *C-Way Constr. Co.,* 909 F. 2d 259, 262 (CA7 1990) (pendent appellate jurisdiction is proper only "[w]hen an ordinarily unappealable interlocutory order is inextricably entwined with an appealable order" and there are "compelling reasons" for immediate review; a "close relationship" between the two orders does not suffice) (internal quotation marks omitted); *Drake* v. *Scott,* 812 F. 2d 395, 399 (CA8) ("[W]hen an interlocutory appeal is properly before us . . . we have jurisdiction also to decide closely related issues of law."), cert. denied, 484 U. S. 965 (1987); *TransWorld Airlines, Inc.* v. *American Coupon Exchange, Inc.,* 913 F. 2d 676, 680 (CA9 1990) (jurisdiction under §1291(a)(1) to review on an interlocutory basis a preliminary

Petitioners join respondent Chambers County Commission in urging that the Eleventh Circuit had pendent appellate jurisdiction to review the District Court's order denying the commission's summary judgment motion. Both sides emphasize that § 1291's final decision requirement is designed to prevent parties from interrupting litigation by pursuing piecemeal appeals. Once litigation has already been interrupted by an authorized pretrial appeal, petitioners and the county commission reason, there is no cause to resist the economy that pendent appellate jurisdiction promotes. See Supplemental Brief for Petitioners 16–17; Supplemental Brief for Respondent 5, 9. Respondent county commission invites us to adopt a " 'libera[l]' " construction of § 1291, and petitioners urge an interpretation sufficiently "[p]ractical" and "[f]lexible" to accommodate pendent appellate review as exercised by the Eleventh Circuit. See *id.*, at 4; Supplemental Brief for Petitioners 14.

These arguments drift away from the statutory instructions Congress has given to control the timing of appellate proceedings. The main rule on review of "final decisions," § 1291, is followed by prescriptions for appeals from "interlocutory decisions," § 1292. Section 1292(a) lists three cate-

---

injunction order "extends to all matters 'inextricably bound up' with th[at] order"); *Robinson* v. *Volkswagenwerk AG*, 940 F. 2d 1369, 1374 (CA10 1991) (pendent appellate jurisdiction is properly exercised where "review of the appealable issue involves consideration of factors closely related or relevant to the otherwise nonappealable issue" and judicial economy is served by review), cert. denied, 502 U. S. 1091 (1992); *Stewart* v. *Baldwin County Bd. of Ed.*, 908 F. 2d 1499, 1509 (CA11 1990) ("Pendent jurisdiction is properly exercised over nonappealable decisions of the district court when the reviewing court already has jurisdiction over one issue in the case."); *Consarc Corp.* v. *Iraqi Ministry*, 27 F. 3d 695, 700 (CADC 1994) ("This Circuit has invoked [pendent appellate jurisdiction] only in a narrow class of cases, to review an interlocutory order that itself is not yet subject to appeal but is 'closely related' to an appealable order.").

gories of immediately appealable interlocutory decisions.[3] Of prime significance to the jurisdictional issue before us, Congress, in 1958, augmented the § 1292 catalog of immediately appealable orders; Congress added a provision, § 1292(b), according the district courts circumscribed authority to certify for immediate appeal interlocutory orders deemed pivotal and debatable. Section 1292(b) provides:

> "When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order. The Court of Appeals which would have jurisdiction of an appeal of such action may thereupon, in its discretion, permit an appeal to be taken from such order, if application is made to it within ten days after the entry of the order: *Provided, however,* That application for an appeal hereunder shall not stay proceedings in the district court unless the district judge or the Court of Appeals or a judge thereof shall so order."

---

[3] Section 1292(a) provides in relevant part:

"[T]he courts of appeals shall have jurisdiction of appeals from:

"(1) Interlocutory orders of the district courts . . . granting, continuing, modifying, refusing or dissolving injunctions, or refusing to dissolve or modify injunctions, except where a direct review may be had in the Supreme Court;

"(2) Interlocutory orders appointing receivers, or refusing orders to wind up receiverships or to take steps to accomplish the purposes thereof, such as directing sales or other disposals of property;

"(3) Interlocutory decrees of such district courts or the judges thereof determining the rights and liabilities of the parties to admiralty cases in which appeals from final decrees are allowed."

Congress thus chose to confer on district courts first line discretion to allow interlocutory appeals.[4]   If courts of appeals had discretion to append to a *Cohen*-authorized appeal from a collateral order further rulings of a kind neither independently appealable nor certified by the district court, then the two-tiered arrangement § 1292(b) mandates would be severely undermined.[5]

---

[4] When it passed § 1292(b), Congress had before it a proposal, by Jerome Frank of the Court of Appeals for the Second Circuit, to give the courts of appeals sole discretion to allow interlocutory appeals.   Judge Frank had opposed making interlocutory appeal contingent upon procurement of a certificate from the district judge; he advanced instead the following proposal:

"'It shall be the duty of the district judge to state in writing whether in his opinion the appeal is warranted; this statement shall be appended to the petition for appeal or, as promptly as possible after the filing of such petition in the court of appeals, shall be forwarded to said court by the district judge.   The court of appeals shall take into account, but shall not be bound by, such statement in exercising its discretion.'"   Undated letter from study committee to the Tenth Circuit Judicial Conference, in S. Rep. No. 2434, 85th Cong., 2d Sess., 8–9 (1958).

[5] This case indicates how the initial discretion Congress lodged in district courts under § 1292(b) could be circumvented by the "liberal" or "flexible" approach petitioners and respondent prefer.   The District Court here ruled only tentatively on the county commission's motion and apparently contemplated receipt of further evidence from the parties before ruling definitively.   See order denying motions to reconsider, App. to Pet. for Cert. 72a ("The parties will have an opportunity to convince this Court that Sheriff Morgan was or was not the final policy maker for the County, and the Court will make a ruling as a matter of law on that issue before the case goes to the jury."); cf. *Swint* v. *Wadley*, 5 F. 3d 1435, 1452 (CA11 1993) (to determine whether an official is a final policymaker, a district court "should examine not only the relevant positive law . . . *but also the relevant customs and practices having the force of law*") (emphasis in original).   In view of the incomplete state of the District Court's adjudication, including some uncertainty whether plaintiffs meant to sue the county as discrete from the commission members, it is unlikely that a § 1292(b) certification would have been forthcoming from the District Judge.

Two relatively recent additions to the Judicial Code also counsel resistance to expansion of appellate jurisdiction in the manner endorsed by the Eleventh Circuit. The Rules Enabling Act, 28 U. S. C. § 2071 *et seq.*, gives this Court "the power to prescribe general rules of practice and procedure . . . for cases in the United States district courts . . . and courts of appeals." § 2072(a). In 1990, Congress added § 2072(c), which authorizes us to prescribe rules "defin[ing] when a ruling of a district court is final for the purposes of appeal under section 1291." Two years later, Congress added § 1292(e), which allows us to "prescribe rules, in accordance with section 2072 . . . to provide for an appeal of an interlocutory decision to the courts of appeals that is not otherwise provided for under [§ 1292] (a), (b), (c), or (d)."

Congress thus has empowered this Court to clarify when a decision qualifies as "final" for appellate review purposes, and to expand the list of orders appealable on an interlocutory basis. The procedure Congress ordered for such changes, however, is not expansion by court decision, but by rulemaking under § 2072. Our rulemaking authority is constrained by §§ 2073 and 2074, which require, among other things, that meetings of bench-bar committees established to recommend rules ordinarily be open to the public, § 2073(c)(1), and that any proposed rule be submitted to Congress before the rule takes effect, § 2074(a). Congress' designation of the rulemaking process as the way to define or refine when a district court ruling is "final" and when an interlocutory order is appealable warrants the Judiciary's full respect.[6]

---

[6] In the instant case, the Eleventh Circuit asserted not merely pendent appellate jurisdiction, but pendent *party* appellate jurisdiction: The court appended to its jurisdiction to review the denial of the *individual defendants'* qualified immunity motions jurisdiction to review the denial of the *commission's* summary judgment motion. We note that in 1990, Congress endeavored to clarify and codify instances appropriate for the exercise of pendent or "supplemental" jurisdiction in district courts. 28 U. S. C. § 1367 (1988 ed., Supp. V); see § 1367(a) (providing for "supplemen-

Two decisions of this Court securely support the conclusion that the Eleventh Circuit lacked jurisdiction instantly to review the denial of the county commission's summary judgment motion: *Abney* v. *United States,* 431 U. S. 651 (1977), and *United States* v. *Stanley,* 483 U. S. 669 (1987). In *Abney,* we permitted appeal before trial of an order denying a motion to dismiss an indictment on double jeopardy grounds. Immediate appeal of that ruling, we held, fit within the *Cohen* collateral order doctrine. 431 U. S., at 662. But we further held that the Court of Appeals lacked authority to review simultaneously the trial court's rejection of the defendant's challenge to the sufficiency of the indictment. *Id.,* at 662–663. We explained:

> "Our conclusion that a defendant may seek immediate appellate review of a district court's rejection of his double jeopardy claim is based on the special considerations permeating claims of that nature which justify a departure from the normal rule of finality. Quite obviously, such considerations do not extend beyond the claim of formal jeopardy and encompass other claims presented to, and rejected by, the district court in passing on the accused's motion to dismiss. Rather, such claims are appealable if, and only if, they too fall within *Cohen*'s collateral-order exception to the final-judgment rule. Any other rule would encourage criminal defendants to seek review of, or assert, frivolous double jeopardy claims in order to bring more serious, but otherwise nonappealable questions to the attention of the courts of appeals prior to conviction and sentence." *Id.,* at 663 (citation omitted).

Petitioners suggest that *Abney* should control in criminal cases only. Supplemental Brief for Petitioners 11. But the concern expressed in *Abney*—that a rule loosely allowing pendent appellate jurisdiction would encourage parties to

tal jurisdiction" over "claims that involve the joinder or intervention of additional parties").

parlay *Cohen*-type collateral orders into multi-issue interlocutory appeal tickets—bears on civil cases as well.

In *Stanley,* we similarly refused to allow expansion of the scope of an interlocutory appeal. That civil case involved an order certified by the trial court, and accepted by the appellate court, for immediate review pursuant to § 1292(b). Immediate appellate review, we held, was limited to the certified order; issues presented by other, noncertified orders could not be considered simultaneously. 483 U. S., at 676–677.

The parties are correct that we have not universally required courts of appeals to confine review to the precise decision independently subject to appeal. See, *e. g., Thornburgh* v. *American College of Obstetricians and Gynecologists,* 476 U. S. 747, 755–757 (1986) (Court of Appeals reviewing District Court's ruling on preliminary injunction request properly reviewed merits as well); *Eisen* v. *Carlisle & Jacquelin,* 417 U. S. 156, 172–173 (1974) (Court of Appeals reviewing District Court's order allocating costs of class notification also had jurisdiction to review ruling on methods of notification); *Chicago, R. I. & P. R. Co.* v. *Stude,* 346 U. S. 574, 578 (1954) (Court of Appeals reviewing order granting motion to dismiss properly reviewed order denying opposing party's motion to remand); *Deckert* v. *Independence Shares Corp.,* 311 U. S. 282, 287 (1940) (Court of Appeals reviewing order granting preliminary injunction also had jurisdiction to review order denying motions to dismiss). Cf. *Schlagenhauf* v. *Holder,* 379 U. S. 104, 110–111 (1964) (Court of Appeals exercising mandamus power should have reviewed not only whether District Court had authority to order mental and physical examinations of defendant in personal injury case, but also whether there was good cause for the ordered examinations).

We need not definitively or preemptively settle here whether or when it may be proper for a court of appeals, with jurisdiction over one ruling, to review, conjunctively,

related rulings that are not themselves independently appealable. See *supra*, at 48 (describing provisions by Congress for rulemaking regarding appeals prior to the district court's final disposition of entire case). The parties do not contend that the District Court's decision to deny the Chambers County Commission's summary judgment motion was inextricably intertwined with that court's decision to deny the individual defendants' qualified immunity motions, or that review of the former decision was necessary to ensure meaningful review of the latter. Cf. Kanji, The Proper Scope of Pendent Appellate Jurisdiction in the Collateral Order Context, 100 Yale L. J. 511, 530 (1990) ("Only where essential to the resolution of properly appealed collateral orders should courts extend their *Cohen* jurisdiction to rulings that would not otherwise qualify for expedited consideration."). Nor could the parties so argue. The individual defendants' qualified immunity turns on whether they violated clearly established federal law; the county commission's liability turns on the allocation of law enforcement power in Alabama.

\* \* \*

The Eleventh Circuit's authority immediately to review the District Court's denial of the individual police officer defendants' summary judgment motions did not include authority to review at once the unrelated question of the county commission's liability. The District Court's preliminary ruling regarding the county did not qualify as a "collateral order," and there is no "pendent party" appellate jurisdiction of the kind the Eleventh Circuit purported to exercise. We therefore vacate the relevant portion of the Eleventh Circuit's judgment and remand the case for proceedings consistent with this opinion.

*It is so ordered.*