_____

No. 95-1311
_____

Otto Jones,                          *
                                     *
     Plaintiff - Appellee,           *
                                     *
     v.                              *
                                     *
Dave Parkman, Sheriff; Unknown       *
Deputies of St. Francis County,      *   Appeal from the United States
Arkansas; George Hutcherson,         *   District Court for the
B. McCollum, Regan Hill, Issac       *   Eastern District of Arkansas.
Whitaker, Phyllis Ellis,             *
William Wise, Hank Delaney,          *   **[UNPUBLISHED]**
Paul Spears, Earl Gore, Arthur       *
Witherspoon, Cliff Wise,             *
Members of the St. Francis           *
County Quorum Court,                 *
                                     *
     Defendants - Appellants.        *
                                  _____

                    Submitted:  January 12, 1996

                       Filed:  February 23, 1996
                                  _____

Before LOKEN, REAVLEY,* and HANSEN, Circuit Judges.
                                  _____

PER CURIAM.


     Otto Jones brought this action under 42 U.S.C. § 1983 alleging
that, when he and Sheriff Dave Parkman were rival candidates for
Sheriff of St. Francis County in the November 1992 general
election, Parkman and his deputies arrested Jones under a void Clay
County warrant for the purpose of embarrassing Jones with the
electorate.  St. Francis County, by the members of its Quorum

_____

     *The HONORABLE THOMAS M. REAVLEY, United States Circuit Judge
     for the Fifth Circuit, sitting by designation.

Court, was joined as defendant for failing to train Parkman and for ratifying his unconstitutional conduct. Defendants moved for summary judgment on the ground of qualified immunity. The district court denied that motion, commenting:

> Parkman suggests that the 1992 arrest was at the urging of Darwin Stow, Sheriff of Clay County, Arkansas. The affidavit of Sheriff Stow furnished by plaintiff suggests otherwise, and specifically indicates that Parkman called him inquiring about obtaining a copy of the 1987 warrant for plaintiff's arrest. Plaintiff's affidavit also contradicts Parkman's in a number of respects.
>
> From all the affidavits presented, the Court cannot say as a matter of law that Parkman and the unknown deputies were reasonable in believing the 1992 arrest of plaintiff to be lawful.

On appeal, defendants argue that they are entitled to qualified immunity because Sheriff Parkman and his deputies acted pursuant to a facially valid warrant in arresting Jones. However, "a defendant, entitled to invoke a qualified-immunity defense, may not appeal a district court's summary judgment order insofar as that order determines whether or not the pretrial record sets forth a 'genuine' issue of fact for trial." Johnson v. Jones, 115 S. Ct. 2151, 2159 (1995). Nor do we have jurisdiction to consider, in an interlocutory appeal, defendants' assertion "that the Quorum Court members had absolutely nothing to do with" Jones's arrest and incarceration. See Swint v. Chambers County Comm'n, 115 S. Ct. 1203, 1211-12 (1995). Accordingly, we dismiss this appeal for lack of jurisdiction. See Kincade v. City of Blue Springs, 64 F.3d 389, 394-95 (8th Cir. 1995).

A true copy.

Attest:

-2-

CLERK, U. S. COURT OF APPEALS, EIGHTH CIRCUIT.