**CYTOLOGIX CORPORATION,**
**Plaintiff–Appellee,**

v.

**VENTANA MEDICAL SYSTEMS,**
**INC., Defendant–Appellant.**

**Cytologix Corporation, Plaintiff–**
**Appellant,**

v.

**Ventana Medical Systems, Inc.,**
**Defendant–Appellee.**

No. 04–1446 04–1450.

United States Court of Appeals, Federal Circuit.

Feb. 11, 2005.

Before MICHEL, Chief Judge, BRYSON and PROST, Circuit Judges.

## ORDER

BRYSON, Circuit Judge.

CytoLogix Corporation moves for clarification of the court's jurisdiction and for leave to file a supplemental brief if the court determines that it has jurisdiction over a misappropriation claim. Ventana Medical Systems, Inc. opposes. CytoLogix replies. We consider whether CytoLogix's appeal, 04–1450, should be dismissed for lack of jurisdiction.

CytoLogix sued Ventana for misappropriation of trade secrets, antitrust violations, and other state law claims in the United States District Court for the District of Massachusetts. Later, CytoLogix sued Ventana in the same district court for patent infringement. The initial district court judge assigned to the cases consolidated them for purposes of discovery only. Later, the cases were assigned to a second judge. While there was never a formal consolidation order, a jury trial was held on the patent infringement claims and the misappropriation of trade secret claim. The other nonpatent claims remain to be tried.

The jury returned a verdict of infringement, but not willful infringement, determined that the patent was not invalid, and found no misappropriation of trade secrets. The district court issued a permanent injunction against Ventana based on the finding of infringement. The district court denied all post-verdict motions, but has not entered final judgment on any matter. Ventana appealed from the entry of the injunction, seeking review of the injunction and the infringement and validity rulings. CytoLogix cross-appealed, seeking review of the nonwillfulness and misappropriation rulings.

CytoLogix seeks clarification of what issues are properly before the court. CytoLogix briefly mentions the misappropria-

tion issue at the end of its brief, but asks for leave to file a supplemental brief if the court declares that the misappropriation issue is part of these appeals.

Cytologix's confusion is understandable in view of the unusual procedural history of these cases. It is clear that Ventana has the right to appeal from the entry of the injunction against it. Because the injunction is based on the finding of infringement, that matter and validity are necessarily also before the court for review. Those issues are inextricably intertwined with the propriety of the injunction. *See Swint v. Chambers County Comm'n,* 514 U.S. 35, 51, 115 S.Ct. 1203, 131 L.Ed.2d 60 (1995).

However, other patent issues, such as the finding of nonwillfulness, and the issue of misappropriation of trade secrets are not inextricably intertwined with the injunction appeal and are not before us. In any event, it is not clear whether an appeal in the nonpatent case is properly directed to this court or the United States Court of Appeals for the First Circuit. We do not have to decide that issue at this time. Perhaps the district court will illuminate its view of the issue of whether the cases are consolidated or not during the remaining proceedings.

Because the issues of nonwillfulness and misappropriation are not before us, we dismiss CytoLogix's appeal 04–1450 and direct CytoLogix to file a corrected principal brief and Ventana to file a corrected reply brief omitting discussion of these matters.

Accordingly,

IT IS ORDERED THAT:

(1) CytoLogix's motion for clarification is granted to the extent described above.

(2) CytoLogix's motion for leave to file a supplemental brief is denied.

(3) CytoLogix's appeal 04–1450 is dismissed.

(4) Each side shall bear its own costs in 04–1450.

(5) The revised official caption for 04–1446 is set forth above.

(6) A copy of this order shall be transmitted to the merits panel assigned to hear this case.

(7) CytoLogix's corrected principal brief is due within 21 days of the date of this order. Ventana's corrected reply brief is due within 14 days thereafter.