[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 06-15489
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JUNE 21 2007
THOMAS K. KAHN
CLERK

D.C. Docket No. 04-01830-CV-ORL-31-KRS

DARRELL J. YOUNG, Individually and as guardian
of Da'Mond Young, a minor,
EMERALD MCNEIL, Individually and as guardian
of Da'Mond Young, a minor,

Plaintiffs-Appellees,

versus

DONALD F. ESLINGER, in his official capacity as
the Sheriff of Seminole County Sheriff's Office,
CHARLES B. FAGAN, Deputy Sheriff, in his
individual capacity, et al.,

Defendants-Appellants.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

**(June 21, 2007)**

Before BIRCH, MARCUS and COX, Circuit Judges.

PER CURIAM:

Plaintiffs Darrell J. Young and Emerald McNeil, acting for themselves and as guardians of their minor son Da'Mond Young, sued Donald Eslinger, in his official capacity as the Sheriff of Seminole County; Deputy Sheriffs Charles Fagan, Wytosia Wiley, and Jeffrey Wilbur; Senior Agent Ray Bronson; and Sergeant Jeff Duncan, all in their individual capacities.

The district court granted summary judgment to Defendants on all claims except: (1) the Count VII Section 1983 Fourth Amendment claims against Defendants Fagan, Wiley, Wilbur, Bronson, and Duncan; and (2) the Count I state law false arrest/imprisonment claim against Defendant Eslinger. The Defendants (except for Wiley) appeal the denials of summary judgment.

After initial briefs were filed in this case, the court issued a jurisdictional question. Having reviewed the parties' submissions in response to that question, we conclude that we have jurisdiction to decide the qualified immunity questions presented in the appeal. But, we do not exercise jurisdiction to review the denial of summary judgment to Defendant Eslinger on the state law false arrest/imprisonment claim. Eslinger argues that the district court erred in denying him summary judgment on this claim because: (1) under Florida law, probable cause is a complete bar to such an action, and (2) probable cause existed to stop, detain, and search Plaintiffs. He

does not argue that he is entitled to summary judgment because he enjoyed any kind of immunity for his actions. This is not an appeal of a final judgment, so we have no independent jurisdiction to consider whether the district court erred in denying Eslinger summary judgment on this claim. And, we decline to exercise any discretionary pendent appellate jurisdiction we may have because Eslinger is not a party to the appeal of the qualified immunity issues, and the question he raises is not "necessary to ensure meaningful review" of the qualified immunity decision because we resolve the qualified immunity questions by finding arguable probable case and/or arguable reasonable suspicion. *Swint v. Chambers County Comm'n*, 514 U.S. 35, 51, 115 S. Ct. 1203, 1212 (1995).

## 42 U.S.C. § 1983

We conclude that the district court erred in denying Defendants Fagan, Wilbur, Bronson, and Duncan summary judgment on the Section 1983 Fourth Amendment claims. Each Defendant is entitled to a separate analysis of the applicability of the qualified immunity doctrine to his actions. Importantly, for purposes of each individual Defendant's qualified immunity defense to a Fourth Amendment claim, we do not ask whether reasonable suspicion or probable cause actually existed. When a law enforcement officer seeks summary judgment on the basis of qualified immunity, we determine only "'whether reasonable officers in the same circumstances

and possessing the same knowledge as the Defendants could have believed that [reasonable suspicion or] probable cause existed.'" *Swint v. City of Wadley, Alabama*, 51 F.3d 988, 996 (11th Cir. 1995) (quoting *Von Stein v. Brescher*, 904 F.2d 572, 579 (11th Cir.1990)); *see also Jackson v. Sauls*, 206 F.3d 1156, 1165-66 (11th Cir. 2000) (citing *Swint*, 51 F.3d at 996).

<u>Deputy Fagan</u>

Deputy Fagan was the uniformed officer who stopped Plaintiffs' vehicle. According to the undisputed facts, Deputy Fagan stopped the vehicle on the instruction of another officer. Fagan was provided with information that there was an unrestrained child in Plaintiffs' vehicle. And, Fagan knew that his duty on that day was to stop vehicles that had been identified by undercover officers as being involved in a drug investigation. Given this information, Fagan acted with arguable reasonable suspicion in performing the stop and detaining Plaintiffs until the drug dog arrived. *See United States v. Perkins*, 348 F.3d 965, 970 (11th Cir. 2003). Furthermore, after Deputy Wilbur and his drug dog circled the vehicle, Fagan was informed by Wilbur that the dog had alerted to drugs in Plaintiffs' vehicle. Thus, when he searched Plaintiffs' vehicle, Fagan acted with arguable probable cause. *See Merrett v. Moore*, 58 F.3d 1547, 1551 n.7 (11th Cir. 1995) ("[A]n alert by a narcotics

4

trained dog establishes probable cause to believe a car contains illegal narcotics."). Fagan is entitled to qualified immunity.

## Deputy Wilbur

Deputy Wilbur was the officer who handled the drug dog. He also participated in the search of Plaintiffs' vehicle after he perceived that the drug dog alerted to the presence of drugs in the vehicle. Plaintiffs dispute whether the dog actually alerted; but, they do not provide any evidence to raise an issue of fact as to whether Wilbur believed that the dog alerted. Wilbur himself testified to that belief. Given the uncontroverted evidence that Wilbur believed that the drug dog alerted to the presence of drugs in Plaintiffs' vehicle, Wilbur acted with arguable probable cause in proceeding to search Plaintiffs' vehicle. Wilbur is entitled to qualified immunity.

## Senior Agent Bronson

Senior Agent Bronson received information from another officer in the field that a vehicle conforming to the description as Plaintiffs's vehicle had been involved in a drug transaction with the subject of an ongoing narcotics investigation. Based on that information, Senior Agent Bronson ordered the stop of Plaintiffs' vehicle. Bronson acted as a reasonable officer possessing this knowledge would; he had arguable reasonable suspicion. Thus, he is entitled to qualified immunity.

## Sergeant Duncan

Sergeant Duncan was not involved in the stop or search of Plaintiffs or their vehicle. His only role on the day in question was to radio to other officers working the narcotics case that he had seen a transaction at the gas station between Earl Jack Williams (a known drug dealer) and persons in a dark SUV. Whether Plaintiffs were the persons Duncan saw at the station may be disputed, but what he reported is not in dispute. Plaintiffs offer no evidence raising an issue of fact regarding Duncan's veracity in reporting what he saw. Moreover, Duncan did not order the stop. He did not detain Plaintiffs. He did not participate in the search. For those reasons, Duncan cannot be held liable for any violation of Plaintiffs' Fourth Amendment rights.

For the foregoing reasons, Defendant Eslinger's appeal is DISMISSED. The district court's denial of summary judgment for Defendants Fagan, Wilbur, Bronson, and Duncan on the Section 1983 claims is REVERSED. The case is REMANDED with instructions to enter summary judgment for Defendants Fagan, Wilbur, Bronson, and Duncan on the Section 1983 Fourth Amendment claims.

DISMISSED IN PART; REVERSED IN PART; AND REMANDED WITH INSTRUCTIONS.