IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

January 9, 2008

Charles R. Fulbruge III
Clerk

No. 06-41573

WILLIE RAY; JAMILLAH JOHNSON; GLORIA MEEKS; REBECCA
MINNEWEATHER; PARTHENIA MCDONALD; WALTER HINOJOSA;
TEXAS DEMOCRATIC PARTY

Plaintiffs-Appellees

v.

GREG ABBOTT, Attorney General of the State of Texas; PHIL WILSON,
Secretary of State for the State of Texas

Defendants-Appellants

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 2:06-CV-385

Before KING, BARKSDALE, and DENNIS, Circuit Judges.

PER CURIAM:[*]

   At issue is a preliminary injunction against enforcement of § 86.006(f) and
(h) of the Texas Election Code, concerning the return of early-voting-by-mail
ballots.  VACATED and REMANDED.

---

   [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

I.

In September 2006, persons associated with the Democratic Party and the Texas Democratic Party filed this action against the State of Texas and its Attorney General and Secretary of State, challenging several provisions of the Texas Election Code: §§ 64.036(a)(4), 84.004, 86.0051, and 86.006, as amended in 2003. These provisions establish several requirements for early voting-by-mail. Plaintiffs maintain the purpose and effect of these provisions, and their application and enforcement by the State, unduly burden voting, free-speech, and associational rights in violation of the First, Fourteenth, and Fifteenth Amendments to the United States Constitution, as well as the Voting Rights Act (VRA). Plaintiffs also assert enactment and enforcement of the 2003 Amendments violate their constitutional rights of equal protection and due process of law.

In October 2006, Plaintiffs moved for a preliminary injunction against enforcement of the challenged provisions "in advance of the 2006 election". The State filed joint motions seeking dismissal for lack of subject-matter jurisdiction, improper venue, and failure to state a claim.

A hearing was held on 30 October 2006, during which the scope of requested injunctive relief was narrowed by Plaintiffs to limit enforcement only of § 86.006 against persons who mail the ballot of another. Section 86.006 regulates the method for returning early-voting ballots and criminalizes, with exceptions, the "knowing[] possess[ion of] an official ballot or official carrier envelope provided . . . to another". TEX. ELEC. CODE ANN. § 86.006(f).

The following day, the court preliminarily enjoined enforcement of §§ 86.006(f) and (h) for "circumstances in which a person, other than the voter, has merely possessed the official ballot or official carrier envelope and such possession is with the actual consent of the voter". The State appealed,

2

simultaneously moving to stay the injunction pending, and requesting expedited consideration of, the appeal.

On 3 November 2006, our court stayed the injunction, but refused to expedite. Plaintiffs' request to the Supreme Court to vacate the stay was denied the next day.

Section 86.006 was amended in May 2007, after the parties' opening briefs were filed. Although the State briefed the amendment in its reply, Plaintiffs did not seek leave to file a sur-reply regarding this development. For the first time at oral argument, in its rebuttal, the State proposed modifying the mail-in ballot and carrier envelope form. Accordingly, we required supplemental briefing on that issue. The State, both at oral argument and in its letter brief, asserted that the modified forms correct any deficiencies perceived by the district court. Plaintiffs, in their letter brief, contended that the 2007 amendment and the proposed modified forms do not constitute a sufficient constitutional remedy.

II.

The parties' delay in proceeding to trial is regrettable. Neither the appeal from the preliminary injunction, nor our order staying it, stayed proceedings in district court. In sum, this litigation has been at a standstill. We are advised, however, that a status conference has been scheduled for early 2008.

In any event, the parties have brought to light new evidence not in the record on appeal and, therefore, not before the district court when it entered the injunction. In the light of the recent amendment to § 86.006, proposed changes to the forms, assurances by the State that the revised forms cure any constitutional problems, the State's advising it will submit the changes to the ballot materials for preclearance under the VRA, and Plaintiffs' contentions to the contrary, the district court should be allowed to reconsider its ruling.[1]

---

[1] The State also challenges whether Plaintiffs have standing to seek relief under 42 U.S.C. § 1971 (prohibiting denial of voting rights by state agents based on errors or omissions

III.

For the foregoing reasons, the preliminary injunction is VACATED, and this matter is REMANDED to district court for further proceedings. In the light of the November 2008 elections, we are confident this action will be resolved well in advance of them.

VACATED and REMANDED.

---

immaterial to voter qualification). In granting the preliminary injunction, the district court ruled purely on constitutional grounds, making our review of the § 1971 issue premature. Along that same line, the State challenges whether the district court should have dismissed certain plaintiffs under the doctrine of Heck v. Humphrey, 512 U.S. 477 (1994) (requiring dismissal of 42 U.S.C. § 1983 complaint when, if successful, would necessarily imply the invalidity of a plaintiff's conviction). Because this contention goes solely to the issue of venue, it is not inextricably intertwined with the merits of the district court's ruling. Therefore, a review of that issue is unnecessary to ensure meaningful review of the injunction. Swint v. Chambers County Comm'n, 514 U.S. 35, 50-51 (1995).