**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 07-1433**

———————

ALAN J. CILMAN,

Plaintiff - Appellee,

versus

M. A. REEVES, Police Officer, Vienna Police
Department,

Defendant - Appellant,

and

THE TOWN OF VIENNA, VIRGINIA; DOES 1-10,
employees of the Vienna Police Department,

Defendants.

———————

**No. 07-1450**

———————

ALAN J. CILMAN,

Plaintiff - Appellant,

versus

M. A. REEVES, Police Officer, Vienna Police
Department,

Defendant - Appellee,

and

THE TOWN OF VIENNA, VIRGINIA; DOES 1-10,
employees of the Vienna Police Department,

                                            Defendants.

_____

Appeals from the United States District Court for the Eastern
District of Virginia, at Alexandria.  Gerald Bruce Lee, District
Judge.  (1:06-cv-01099-GBL)

_____

Submitted:  February 5, 2008        Decided:  February 21, 2008

_____

Before MOTZ, SHEDD, and DUNCAN, Circuit Judges.

_____

No. 07-1433 affirmed; No. 07-1450 dismissed by unpublished per
curiam opinion.

_____

Julia Bougie Judkins, TRICHILO, BANCROFT, MCGAVIN, HORVATH &
JUDKINS, Fairfax, Virginia, for Appellant/Cross-Appellee.  Alan J.
Cilman, Fairfax, Virginia, Appellee/Cross-Appellant Pro Se.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

In No. 07-1433, Sergeant M. A. Reeves appeals from the district court's order denying his motion for summary judgment based on qualified immunity in the 42 U.S.C. § 1983 (2000) action brought against him by Alan J. Cilman. We have reviewed the record and find no reversible error. Accordingly, we affirm for the reasons stated by the district court. Cilman v. Reeves, No. 1:06-cv-01099-GBL (E.D. Va. June 21, 2007).

In No. 07-1450, Cilman noted a cross-appeal, seeking to appeal the district court's order to the extent that it granted summary judgment in favor of the Town of Vienna on his supervisory liability claims. This court may exercise jurisdiction only over final orders, 28 U.S.C. § 1291 (2000), and certain interlocutory and collateral orders, 28 U.S.C. § 1292 (2000); Fed. R. Civ. P. 54(b); Cohen v. Beneficial Indus. Loan Corp., 337 U.S. 541 (1949). The order Cilman seeks to appeal is neither a final order nor an appealable interlocutory or collateral order. See Swint v. Chambers County Comm'n, 514 U.S. 35, 45-51 (1995); Bailey v. Kennedy, 349 F.3d 731, 734, 738 (4th Cir. 2003). Accordingly, we dismiss appeal No. 07-1450 for lack of jurisdiction. We dispense with oral argument because the facts and legal contentions are

adequately presented in the materials before the court and argument would not aid the decisional process.

No. 07-1433 AFFIRMED
No. 07-1450 DISMISSED
