**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

—————————

**No. 09-1702**

—————————

ENGRA M. BELLAMY,

　　　　　Plaintiff – Appellee,

　　　v.

ALYSSA CAMPBELL WELLS; BRENT UZDANOVICS,

　　　　　Defendants – Appellants,

　　　and

DOUG DAVIS, Waynesboro Police Department; WAYNESBORO POLICE
DEPARTMENT,

　　　　　Defendants.

—————————

Appeal from the United States District Court for the Western
District of Virginia, at Harrisonburg.　Samuel G. Wilson,
District Judge. (5:07-cv-00035-sgw)

—————————

Submitted: March 29, 2010　　　　　Decided: July 12, 2011

—————————

Before WILKINSON, KING, and AGEE, Circuit Judges.

—————————

Affirmed by unpublished per curiam opinion.

—————————

Richard H. Milnor, ZUNKA, MILNOR, CARTER & INIGO, LTD.,
Charlottesville, Virginia, for Appellants.　Dean E. Lhospital,
SNEATHERN & LHOSPITAL, LLP, Charlottesville, Virginia, for
Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Defendants challenge the district court's denial of their motion for summary judgment in Plaintiff's 42 U.S.C. § 1983 (2006) action, in which they asserted the affirmative defense of qualified immunity. Such orders are immediately appealable, Mitchell v. Forsyth, 472 U.S. 511, 530 (1985), provided the denial rests on a purely legal determination that the facts, as viewed by the district court at the summary judgment stage, establish a violation of a clearly established right, Johnson v. Jones, 515 U.S. 304, 319-20 (1995). If, for example, the appealing official "seeks to argue the insufficiency of the evidence to raise a genuine issue of material fact, this Court does not possess jurisdiction under [28 U.S.C.] § 1291 [(2006)] to consider the claim." Valladares v. Cordero, 552 F.3d 384, 388 (4th Cir. 2009).

We conclude that the district court did not err when it denied Defendants qualified immunity. We thus affirm the district court's order denying Defendants' summary judgment motion, as well as its order finding no basis to alter its previous ruling upon sua sponte reconsideration.[*] Bellamy v.

---

[*] Although Defendants ask this court to determine what remedies are available to Plaintiff based on the conduct about which he complains, this issue is not "inextricably intertwined" with the qualified immunity question that is properly before us on interlocutory appeal. See Swint v. Chambers Cnty. Comm'n, (Continued)

3

<u>Wells</u>, No. 5:07-cv-00035-sgw (W.D. Va. May 15, 2009; June 10, 2009). We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before us and argument would not aid the decisional process.

<u>AFFIRMED</u>

---

514 U.S. 35, 51 (1995); <u>Rux v. Republic of Sudan</u>, 461 F.3d 461, 475 (4th Cir. 2006). Accordingly, we express no opinion on this issue.