**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

OCT 27 2016

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

ANDREW HAMER,

            Plaintiff-Appellee,

v.

CITY OF EUREKA; et al.,

            Defendants-Appellants,

 and

COUNTY OF HUMBOLDT; et al.,

            Defendants.

No. 14-16700
     14-16705

D.C. No. 4:12-cv-06077-JSW

MEMORANDUM[*]

Appeal from the United States District Court
for the Northern District of California
Jeffrey S. White, District Judge, Presiding

Argued and Submitted September 15, 2016
San Francisco, California

Before:  W. FLETCHER, CHRISTEN, and FRIEDLAND, Circuit Judges.

---

        [*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Defendants, City of Eureka, County of Humboldt, and officials in their public and individual capacities, appeal from the district court's denial of summary judgment. We have jurisdiction under 28 U.S.C. § 1291, and we review *de novo* a denial of summary judgment. *See Johnson v. Bay Area Rapid Transit District*, 724 F.3d 1159, 1168 (9th Cir. 2013). We affirm in part, reverse in part, and remand.

We reverse the district court and grant summary judgment to Sergeant Nova in both his individual and official capacity. Because Plaintiff was jaywalking in violation of California Vehicle Code section 21955, Sergeant Nova had probable cause to order an arrest. *See Atwater v. City of Lago Vista*, 532 U.S. 318, 354 (2001); *Blankenhorn v. City of Orange*, 485 F.3d 463, 471–72 (9th Cir. 2007).

We reverse the district court and grant summary judgment to Police Chief Harpham in his individual capacity. Defendant Harpham's only direct involvement with Plaintiff was Harpham's failed attempt to detain Plaintiff after Sergeant Nova ordered Plaintiff's arrest. Because he never made contact with Plaintiff, he was entitled to qualified immunity as a matter of law.

However, we affirm the district court's denial of summary judgment to Defendant Harpham in his official capacity and to the City of Eureka. There are genuine issues of material fact as to whether he and the City are liable under *Monell v. Department of Social Services of New York*, 436 U.S. 658 (1978), for

failure to train Officer Liles. *See Collins v. City of Harker Heights*, 503 U.S. 115, 122–24 (1992); *Van Ort v. Estate of Stanewich*, 92 F.3d 831, 835 (9th Cir. 1996).

We affirm the district court's denial of summary judgment to Officer Liles and Deputies Crosswhite and Mowery. Given that a permissible interpretation of the video is that Liles tackled Plaintiff using excessive force, Officer Liles is not entitled to summary judgment. *See Graham v. Connor*, 490 U.S. 386, 396–97 (1989), *Wilkinson v. Torres*, 610 F.3d 546, 550–51 (9th Cir. 2010). Similarly, because both Deputies Mowrey and Crosswhite struck Plaintiff with their batons – Mowrey multiple times and Crosswhite once – it is a permissible interpretation of the video that they did so with excessive force. They are therefore not entitled to summary judgment. The underlying factual disputes that gave rise to these claims are appropriate for a jury determination. *See, e.g.*, *Chew v. Gates*, 27 F.3d 1432, 1440 (9th Cir. 1994).

Plaintiff has not pursued his policy and failure-to-train claim against Defendant Humboldt County under *Monell*. The only *Monell* claim that remains is a ratification claim. We decline to exercise pendent jurisdiction over this aspect of the district court's order, as it is not "inextricably intertwined" with the other issues involved in this appeal. *Watkins v. City of Oakland*, 145 F.3d 1087, 1092 (9th Cir. 1998) (quoting *Swint v. Chambers County Comm'n*, 514 U.S. 35, 51 (1995)).

We also decline to review any other issues besides those above, including any First Amendment claims raised before the district court. The district court declined to reach those issues in the decision below, and we therefore lack jurisdiction to entertain them upon appeal.

Each party shall bear its own costs associated with this appeal.

**AFFIRMED in part, REVERSED in part, and REMANDED.**