

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JENNIFER MEDINA, an individual; ARLENE SUSAN MEDINA, an individual; ROBERT LEO MEDINA, an individual, | No. 14-56857 |
| | D.C. Nos. 3:08-cv-01252-BAS-RBB 3:08-cv-01395-BAS-RBB |
| Plaintiffs-Appellees, | |
| v. | MEMORANDUM* |
| COUNTY OF SAN DIEGO; MARK RITCHIE, individually and in his capacity as deputy for the San Diego Sheriff's Department; KARLA TAFT, individually and in her capacity as deputy for the San Diego Sheriff's Department; TIM FENTON, individually and in his capacity as officer for the California Highway Patrol, | |
| Defendants, | |
| STATE OF CALIFORNIA; JULIE CAHILL, Individually and in her offical capacity as Deputy for the California Highway Patrol, | |
| Defendants, | |

---

      * This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

and

LEO NAVA, individually and in his capacity as officer for the California Highway Patrol,

Defendant-Appellant.

JENNIFER MEDINA, an individual; ARLENE SUSAN MEDINA, an individual; ROBERT LEO MEDINA, an individual,

Plaintiffs-Appellees,

v.

COUNTY OF SAN DIEGO; MARK RITCHIE, individually and in his capacity as deputy for the San Diego Sheriff's Department; KARLA TAFT, individually and in her capacity as deputy for the San Diego Sheriff's Department,

Defendants-Appellants,

and

TIM FENTON, individually and in his capacity as officer for the California Highway Patrol; LEO NAVA, individually and in his capacity as officer for the California Highway Patrol; STATE OF CALIFORNIA; JULIE CAHILL, Individually and in her offical capacity as

No.    14-56898

D.C. Nos.
3:08-cv-01252-BAS-RBB
3:08-cv-1395-BAS-RBB

2

Deputy for the California Highway Patrol,

Defendants.

JENNIFER MEDINA, an individual; ARLENE SUSAN MEDINA, an individual; ROBERT LEO MEDINA, an individual,

Plaintiffs-Appellees,

v.

COUNTY OF SAN DIEGO; MARK RITCHIE, individually and in his capacity as deputy for the San Diego Sheriff's Department; KARLA TAFT, individually and in her capacity as deputy for the San Diego Sheriff's Department,

Defendants,

LEO NAVA, individually and in his capacity as officer for the California Highway Patrol; STATE OF CALIFORNIA; JULIE CAHILL, Individually and in her offical capacity as Deputy for the California Highway Patrol,

Defendants,

and

TIM FENTON, individually and in his capacity as officer for the California

No.    14-56916

D.C. Nos.
3:08-cv-01252-BAS-RBB
3:08-cv-01395-BAS-RBB

3

Highway Patrol,

Defendant-Appellant.

Appeal from the United States District Court
for the Southern District of California
Cynthia A. Bashant, District Judge, Presiding

Argued and Submitted October 18, 2016
Pasadena, California

Before: TALLMAN and CHRISTEN, Circuit Judges, and KENNELLY,[**] District Judge.

California Highway Patrol Officers Leo Nava and Timothy Fenton and County of San Diego Deputy Sheriffs Mark Ritchie and Karla Taft appeal the district court's order denying their motions for summary judgment on the basis of qualified immunity. The County of San Diego also appeals the district court's order denying its motion for summary judgment. For the reasons stated below, we reverse and remand with instructions to grant summary judgment in favor of all of the defendants.

**1.** Orders denying qualified immunity are immediately appealable. *Wilkinson v. Torres*, 610 F.3d 546, 549–50 (9th Cir. 2010). We therefore have limited jurisdiction over questions of law presented by the individual defendants.

[**]     The Honorable Matthew F. Kennelly, United States District Judge for the Northern District of Illinois, sitting by designation.

*See id*. at 550. We have pendent jurisdiction over the County's appeal to the extent that the district court's decision to deny the County's summary judgment motion was "inextricably intertwined" with that court's decision to deny the officers qualified immunity. *See Swint v. Chambers Cty. Comm'n*, 514 U.S. 35, 51 (1995). The County's appeal is inextricably intertwined if we conclude that the officers have not committed a constitutional violation. *See Huskey v. City of San Jose*, 204 F.3d 893, 904–06 (9th Cir. 2000).

**2.** A law enforcement officer is entitled to qualified immunity unless 1) the facts as alleged by the plaintiff show a violation of a constitutional right; and 2) the right at issue was clearly established at the time of the alleged misconduct. *Wilkinson*, 610 F.3d at 550. "[I]t is not constitutionally unreasonable to prevent escape using deadly force '[w]here the officer has probable cause to believe that the suspect poses a threat of serious physical harm, either to the officer or to others.'" *Id.* (quoting *Tennessee v. Garner*, 471 U.S. 1, 11 (1985)).

**3.** No reasonable jury could find that the officers' decision to fire on Medina's truck constituted a violation of his Fourth Amendment right to be free from excessive force. After police were able to stop his truck and temporarily hem it in following an extended chase, Medina ignored the officers' orders to exit the truck. With officers standing in the immediate vicinity of the truck, Medina drove

the truck back and forth in an attempt to escape. Efforts to disable the truck by shooting out its passenger side tires were unsuccessful. Taking the facts in a light most favorable to the plaintiffs, the evidence shows that the officers who fired shots at Medina had probable cause to believe that, at that point, he posed a threat of serious physical harm to the officers. For this reason, there was no Fourth Amendment violation.

**4.** To sustain a claim under the Fourteenth Amendment in these circumstances, plaintiffs must show that the conduct of the police "shocks the conscience." *A.D. v. Cal. Highway Patrol*, 712 F.3d 446, 453 (9th Cir. 2013). In "rapidly escalating" situations like the one here, the officers' conduct "shocks the conscience" if the plaintiffs can show that the officers "acted with a purpose to harm [Medina] that was unrelated to legitimate law enforcement objectives." *Porter v. Osborn*, 546 F.3d 1131, 1137 (9th Cir. 2008). For the reasons described above, no reasonable jury could find that the officers' conduct violated this standard. The officers are therefore entitled to summary judgment on plaintiffs' Fourteenth Amendment claims.

**5.** A government entity cannot be liable for the conduct of its employees where the plaintiff has failed to show that the employees deprived the plaintiff of his constitutional rights. *City of Los Angeles v. Heller*, 475 U.S. 796, 799 (1986).

Because the officers' use of force in firing on Medina did not violate his constitutional rights, the County cannot be held liable for its policies—if any—that might have authorized this conduct.

**6.** For these reasons, we remand the case to the district court with instructions to grant summary judgment in favor of all of the defendants. Each party shall bear their own costs of this appeal.

**REVERSED AND REMANDED.**