NOT RECOMMENDED FOR PUBLICATION
File Name: 25a0148n.06

No. 24-1566

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

FILED

Mar 18, 2025

KELLY L. STEPHENS, Clerk

LORI MERTINS,

    Plaintiff-Appellee,

v.

CITY OF MOUNT CLEMENS, MICHIGAN; LAURA WILLE; MARILYN D'LUGE; STEVEN M. BROWN,

    Defendants-Appellants.

)
)
)
)
)
)
)
)
)
)
)
)
)

ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF MICHIGAN

OPINION

---

Before: CLAY, BUSH, and BLOOMEKATZ, Circuit Judges.

**JOHN K. BUSH, Circuit Judge.** Lori Mertins worked for the City of Mount Clemens as an accounting technician. She claims that she discovered Mount Clemens overcharging its residents for water service and that her supervisors disciplined her for trying to fix the problem. She took her concerns to the FBI, her union, and multiple city commissioners. She claims her supervisors, Laura Wille and Marilyn D'Luge, retaliated against her by denying promotions and disciplining her for made-up violations. She also says the city manager, Steven Brown, continued the campaign of retaliation by harassing her when she was on medical leave.

Mertins brought 42 U.S.C. § 1983 claims against Wille, D'Luge, and Brown for retaliation in violation of the First Amendment and a claim against Mount Clemens pursuant to *Monell v. Department of Social Services*, 436 U.S. 658 (1978). The district court denied the individual defendants' motion for summary judgment on grounds of qualified immunity. It also denied

summary judgment on the *Monell* claim. The defendants filed an interlocutory appeal contesting both holdings.

We generally lack jurisdiction to consider an interlocutory appeal for denial of summary judgment on a *Monell* claim. *See Swint v. Chambers Cnty. Comm'n*, 514 U.S. 35, 41–43 (1995). We have interpreted *Swint* to allow us to exercise pendent appellate jurisdiction when deciding whether an officer's qualified immunity appeal "necessarily resolve[s]" the municipality's motion for summary judgment. *Mattox v. City of Forest Park*, 183 F.3d 515, 524 (6th Cir. 1999). However, we apply this exception "sparingly." *Stojcevski v. Macomb County*, 827 F. App'x 515, 524 (6th Cir. 2020). Mount Clemens does not argue we should do so here, so we do not.

When hearing an interlocutory appeal from a denial of qualified immunity, our jurisdiction is limited too. We accept the facts as construed by the district court and evaluate de novo whether those facts overcome defendants' qualified immunity as state actors. *See Gillispie v. Miami Township*, 18 F.4th 909, 915–16 (6th Cir. 2021). "[W]e have consistently declined to exercise jurisdiction over appeals where the officer's dispute of facts is crucial to the appeal." *Heeter v. Bowers*, 99 F.4th 900, 909 (6th Cir. 2024) (citation omitted).

The individual defendants dedicate most of their qualified immunity argument to flatly rejecting the district court's interpretation of the facts, arguing "the Court made some shocking findings" "which are unsupported by any piece of evidence within the record." Appellants' Br. at 5. We lack jurisdiction over these arguments.

The individual defendants also argue that it was "simply without basis" for the district court to hold that "simple management functions . . . . violated a clearly established Constitutional right." Appellants' Br. at 7. They provide no support for this conclusory statement. And nowhere

do they dispute the district court's key holding that denial of a promotion and discipline for made-up violations infringed Mertins's clearly established First Amendment rights.

In sum, the defendants fail to attack the district court's opinion on any ground upon which we have jurisdiction. We therefore dismiss the appeal.