Juan **VILLEGAS; Maria Carmen Marquez, Plaintiffs– Appellees,**

v.

Eric **HACKETT; City of Calexico, Defendants–Appellants.**

No. 05–55311.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted March 7, 2007.

Filed March 19, 2007.

Michael R. Marrinan, San Diego, CA, for Plaintiffs–Appellees.

John P. McCormick, Esq., Deborah K. Garvin, McCormick & Mitchell, San Diego, CA, for Defendants–Appellants.

Before: FERNANDEZ, RYMER and WARDLAW, Circuit Judges.

## MEMORANDUM*

Eric Hackett, a police officer with the City of Calexico, California, and the City appeal the district court's grant of summary judgment on the claims of Juan Vil-

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

legas for illegal seizure in violation of the Fourth Amendment[1] and for false arrest pursuant to state law. They also appeal the denial of qualified immunity to Hackett. We affirm in part and dismiss in part.

Villegas was arrested when he stood in the doorway of his home and refused to consent to the entry of officers, including Hackett. They had an arrest warrant for another person, Jesus Lopez Martinez Villegas, but had no search warrant to enter the home itself.

On this record, it was clear that the officers did not have reasonable or probable cause to believe that the person for whom they held the warrant either resided in or was to be found at Villegas' home. *See Steagald v. United States*, 451 U.S. 204, 211–16, 101 S.Ct. 1642, 1647–50, 68 L.Ed.2d 38 (1981); *Payton v. New York*, 445 U.S. 573, 602–03, 100 S.Ct. 1371, 1388, 63 L.Ed.2d 639 (1980); *Watts v. County of Sacramento*, 256 F.3d 886, 889–90 (9th Cir. 2001); *United States v. Harper*, 928 F.2d 894, 896–97 (9th Cir.1991); *see also United States v. Howard*, 447 F.3d 1257, 1262, 1268 (9th Cir.2006).

Moreover, even when officers have a right to enter a home without a search warrant, the homeowner cannot be arrested for refusing admission without a warrant. *See United States v. Prescott*, 581 F.2d 1343, 1350–51 (9th Cir.1978); *People v. Wetzel*, 11 Cal.3d 104, 108–09, 520 P.2d 416, 419, 113 Cal.Rptr. 32, 35 (1974); *see also Gasho v. United States*, 39 F.3d 1420, 1431–32 (9th Cir.1994).

Because these principles were clearly established, Hackett was not entitled to qualified immunity when he either failed to be cognizant of or ignored them. *See Brosseau v. Haugen*, 543 U.S. 194, 197–98, 125 S.Ct. 596, 598–99, 160 L.Ed.2d 583 (2004); *Saucier v. Katz*, 533 U.S. 194, 201–

03, 121 S.Ct. 2151, 2156–57, 150 L.Ed.2d 272 (2001).

We decline to consider issues arising out of the state law claim because it is not inextricably intertwined with the Fourth Amendment issue. *See Swint v. Chambers County Comm'n*, 514 U.S. 35, 50–51, 115 S.Ct. 1203, 1212, 131 L.Ed.2d 60 (1995); *Billington v. Smith*, 292 F.3d 1177, 1191 (9th Cir.2002). We, therefore, dismiss the appeal as to that claim.

AFFIRMED in part, DISMISSED in part and REMANDED.

RYMER, Circuit Judge, dissenting.

As there was no existing law clearly establishing that Hackett could not act as he did based on Martinez's waiver of a warrant to search his place of abode, together with information supplied by Martinez (and never changed) that his place of abode was at his mother's residence (where Villegas also turned out to live), I can not say that Hackett's mistake as to what the law now requires is unreasonable. Accordingly, he is entitled to the immunity defense. *Saucier v. Katz*, 533 U.S. 194, 205, 121 S.Ct. 2151, 150 L.Ed.2d 272 (2001); *Motley v. Parks*, 432 F.3d 1072, 1077 (9th Cir.2005) (en banc).

---

1. U.S. Const. amend. IV.