**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**February 9, 2009**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

RENEE ATWELL; VIVIAN
BRADLEY; TERRY LEE; YVETTE
MARTINEZ HOCHBERG; ODIN
GOMEZ; MEKELA RIDGEWAY;
CATHIE GORDON; KATIE MOORE,

  Plaintiffs-Appellants,

v.

PATRICIA GABOW, in her individual
and official capacity as Chief
Executive Officer and Medical
Director of Denver Health and
Hospital Authority; DENVER
HEALTH AND HOSPITAL
AUTHORITY; GREG ROSSMAN,
in his individual capacity and in his
official capacity as Chief Human
Resources Director of Denver Health
and Hospital Authority; WENDY
ALEXANDER, in her individual
capacity and in her official capacity as
Human Resources Director of Denver
Health and Hospital Authority,

  Defendants-Appellees.

No. 08-1107
(D.C. Nos. 1:06-CV-02262-CMA-
MJW and 1:07-CV-02063-JLK)
(D. Colo.)

---

**ORDER AND JUDGMENT**[*]

---

[*]    After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata,

(continued...)

Before **KELLY**, **PORFILIO**, and **O'BRIEN**, Circuit Judges.

Renee Atwell brought a federal-court employment discrimination action under 42 U.S.C. §§ 1981 and 1988; Title VII of the Civil Rights Act, 42 U.S.C. § 2000e to 2000e-17; and Colorado state statutes. After Dr. Atwell was granted leave to file an amended complaint, Vivian Bradley, Terry Lee, and Yvette Martinez Hochberg joined her action. The amended complaint added cites to 42 U.S.C. § 1983 and sought class status. Citing §§ 1981, 1983, and 1988, Odin Gomez, Mekela Ridgeway, Cathie Gordon, and Katie Moore filed a substantially similar state-court complaint, also seeking class action status. Appellees removed that action to federal court, and the district court consolidated the two suits. Appellants formally moved to certify a class action under Fed. R. Civ. P. 23(a) and 23(b)(2) and/or 23(b)(3). The district court denied the motion, and shortly thereafter dismissed the majority of appellants' claims under Fed. R. Civ. P. 12(b)(6). Appellants appealed.

### *Jurisdiction*

The district court's orders did not resolve all issues between all parties in these consolidated cases. This court has jurisdiction to review the Rule 12(b)(6)

---

[*](...continued)
and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

dismissal order because the district court entered final judgment on those claims pursuant to Fed. R. Civ. P. 54(b). While the order denying class certification did not decide any "claims" or dismiss any "parties," the issues presented in the certification order are inextricably intertwined with and/or necessary to ensure meaningful review of the Rule 12(b)(6) dismissal order. Appellants seek to assert the dismissed claims on behalf of a class and intertwine their appellate arguments as to why they should be allowed to proceed. And as the district court determined, resolving the class certification issues is necessary to refine the Rule 12(b)(6) analysis. We recognize that pendant appellate jurisdiction "is generally disfavored," *Roska ex rel. Roska v. Sneddon*, 437 F.3d 964, 970 (10th Cir. 2006) (quotation omitted), but we conclude that exercising such jurisdiction is appropriate in this case. *See Swint v. Chambers County Comm'n*, 514 U.S. 35, 51 (1995) (suggesting that pendant appellate jurisdiction is available when issues are "intextricably intertwined" or review is "necessary to ensure meaningful review of" the reviewable order); *Moore v. City of Wynnewood*, 57 F.3d 924, 930 (10th Cir. 1995) (exercising pendant appellate jurisdiction pursuant to *Swint*).

### *Motion for Class Certification*

"We review de novo whether the district court applied the correct legal standard in its decision to grant or deny class certification; when the district court has applied the proper standard, the decision will be reversed only for abuse of discretion." *Carpenter v. Boeing Co.*, 456 F.3d 1183, 1187 (10th Cir. 2006).

Appellants do not argue that the district court applied the wrong legal standard, so our review is for abuse of discretion.

The district court denied certification because the appellants failed to show all of Rule 23(a)'s requirements (numerosity, commonality, typicality, and adequacy of representation) and failed to establish their suit satisfied either Rule 23(b)(2) or 23(b)(3) (the types of maintainable class actions that appellants identified as potentially applicable). We find no abuse of discretion in the district court's decision and affirm for substantially the reasons stated in the district court's February 28, 2008, Order Denying Motion for Class Certification.

### *Motion to Dismiss*

Our review of a Rule 12(b)(6) dismissal is de novo. *See Duran v. Carris*, 238 F.3d 1268, 1270 (10th Cir. 2001). In their opening brief, appellants take issue only with the district court's dismissal of their § 1981 claims. Accordingly, they have waived appellate consideration of the dismissal of their other claims. *See State Farm Fire & Cas. Co. v. Mhoon*, 31 F.3d 979, 984 n.7 (10th Cir. 1994).

The district court analyzed appellants' complaints and concluded that the majority of their § 1981 claims failed to meet the pleading standards set forth in *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964-69 (2007). We agree and affirm for substantially the reasons set forth in the district court's March 31, 2008, Order on Motions to Dismiss.

The district court also dismissed Ms. Ridgeway's § 1981 retaliation claim against Wendy Alexander, concluding that under this court's precedent the claim was actionable only under Title VII. Several weeks later, the Supreme Court held that § 1981 encompasses retaliation claims. *CBOCS West, Inc. v. Humphries*, 128 S. Ct. 1951, 1954-55 (2008). We need not consider the applicability of *CBOCS West* on our precedent, however, because the dismissal was nonetheless proper. *See United States v. Sandoval*, 29 F.3d 537, 542 n.6 (10th Cir. 1994) ("We are free to affirm a district court decision on any grounds for which there is a record sufficient to permit conclusions of law, even grounds not relied upon by the district court." (quotation omitted)). Ms. Ridgeway's complaint against Ms. Alexander does not set forth a well-pleaded § 1981 retaliation claim. *See Carney v. City and County of Denver*, 534 F.3d 1269, 1276 (10th Cir. 2008) (setting forth the elements of a § 1981 retaliation claim). Particularly, the complaint does not adequately allege facts establishing that Ms. Alexander took an action that a reasonable employee would regard as materially adverse. Thus, the claim was properly subject to dismissal under Rule 12(b)(6).

The judgment of the district court is AFFIRMED.

Entered for the Court

John C. Porfilio
Circuit Judge