**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

───────────

**No. 09-1376**

───────────

TEOFILA OCHOA LIZARBE, in her individual capacity, and in her capacity as the foreign personal representative of the estates of Silvestra Lizarbe Solis, Gerardo Ocho Lizarbe, Victor Ochoa Lizarbe, Ernestina Ochoa Lizarbe, Celestino Ochoa Lizarbe and Edwin Ochoa Lizarbe; CIRILA PULIDO BALDEON, in her individual capacity, and in her capacity as the foreign personal representative of the estate of Fortunata Baldeon Gutierrez and Edgar Pulido Baldeon,

          Plaintiffs - Appellees,

    v.

JUAN MANUEL RIVERA RONDON,

          Defendant - Appellant.

───────────

Appeal from the United States District Court for the District of Maryland, at Greenbelt. Peter J. Messitte, Senior District Judge. (8:07-cv-01809-PJM)

───────────

Submitted: September 2, 2010    Decided: September 22, 2010

───────────

Before TRAXLER, Chief Judge, and MOTZ and AGEE, Circuit Judges.

───────────

Affirmed in part and dismissed in part by unpublished per curiam opinion.

───────────

Timothy F. Maloney, Cary J. Hansel, Joseph M. Creed, JOSEPH, GREENWALD & LAAKE, P.A., Greenbelt, Maryland, for Appellant. Natasha Fain, CENTER FOR JUSTICE & ACCOUNTABILITY, San

Francisco, California; Wade B. Wilson, Mark N. Bravin, MORGAN, LEWIS & BOCKIUS LLP, Washington, D.C., for Appellees.

---

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Plaintiffs Teofila Ochoa Lizarbe and Cirila Pulido Baldeon brought this action under the Torture Victim Protection Act of 1991 ("TVPA"), see Pub. L. 102-256, 106 Stat. 73 (1992), and the Alien Tort Statute ("ATS"), see 28 U.S.C. § 1350, seeking relief from Defendant Juan Manuel Rivera Rondon for alleged war crimes and human rights violations committed in the 1980s against plaintiffs' family members by Peruvian military forces under Rondon's command. Rondon moved to dismiss under Rule 12(b)(1) for lack of subject matter jurisdiction, arguing that he was entitled to immunity under the Foreign Sovereign Immunities Act ("FSIA"), see 28 U.S.C. §§ 1602-1611. Additionally, Rondon argued that plaintiffs' claims were barred by the statute of limitations and their failure to exhaust remedies available in Peru. Rondon also raised numerous other grounds for dismissal that are not at issue in this appeal.

Relying on our decision in Yousuf v. Samantar, 552 F.3d 371, 381 (4th Cir. 2009), the district court concluded that the FSIA does not apply to individual agents of a foreign government and denied immunity to Rondon. The district court also rejected Rondon's statute of limitations defense, concluding that the doctrine of equitable tolling applied to extend the 10-year limitations period for TVPA and ATS claims such that plaintiffs' action, filed in 2007, was timely. Finally, the district court

3

rejected Rondon's assertion that plaintiffs failed to exhaust available remedies in Peru. The court concluded that: (1) Rondon failed to demonstrate, as required by the TVPA, that there were adequate remedies in Peru available to plaintiffs, see Pub. L. 102-256, 106 Stat. 73, sec. 2(b); and (2) the ATS contains no exhaustion requirement.

Rondon filed this interlocutory appeal to challenge the denial of immunity under the FSIA, arguing that the denial of sovereign immunity is an immediately appealable issue. Rondon also sought review of the district court's ruling on the statute of limitations and exhaustion of remedies questions, urging us to exercise our discretionary pendent appellate jurisdiction over these issues.

While the instant appeal was pending, the Supreme Court granted certiorari to review this court's opinion that the FSIA does not shield individual foreign government agents from suit. See Samantar v. Yousuf, 130 S. Ct. 49 (2009). Accordingly, we placed Rondon's appeal in abeyance pending a disposition from the Supreme Court.

On June 1, 2010, the Supreme Court issued a decision affirming this court's holding in Samantar that an individual foreign official sued for conduct undertaken in his official capacity is not a "foreign state" entitled to immunity from suit within the meaning of the FSIA. See Samantar v. Yousuf, 130 S.

4

Ct. 2278, 2289 (2010). We then solicited additional briefing from the parties addressing the effect, if any, of Samantar on the instant appeal.

## II.

This court may exercise jurisdiction only over "final decisions of the district courts," 28 U.S.C. § 1291; see Catlin v. United States, 324 U.S. 229, 233 (1945) (defining a "final decision" as one that "ends the litigation on the merits and leaves nothing for the court to do but execute the judgment"), and certain interlocutory orders, see 28 U.S.C. § 1292. The Supreme Court has established a narrow exception to the final judgment rule, permitting appeals from otherwise interlocutory orders that "finally determine claims of right separable from, and collateral to, rights asserted in the action." Cohen v. Beneficial Indus. Loan Corp., 337 U.S. 541, 546 (1949). Although the denial of a motion to dismiss generally does not qualify as a final order, see, e.g., Dotzel v. Ashbridge, 438 F.3d 320, 323 (3d Cir. 2006), "[o]rders denying sovereign immunity are immediately appealable collateral orders," Eckert Int'l, Inc. v. Gov't of the Sovereign Democratic Republic of Fiji, 32 F.3d 77, 79 (4th Cir. 1994); see Rux v. Republic of Sudan, 461 F.3d 461, 467 n.1 (4th Cir. 2006) (reviewing interlocutory appeal of denial of immunity under the FSIA).

5

Thus, this court has jurisdiction to review the district court's denial of immunity under the FSIA.

Plaintiffs contend that Samantar, having expressly considered and rejected the same arguments advanced in district court by Rondon, forecloses Rondon's appeal of the denial of immunity under the FSIA. We agree that Samantar clearly forecloses Rondon's argument that he is entitled to immunity under the FSIA.

In response, Rondon makes two claims, seizing on the Supreme Court's suggestion that individual foreign officials, though they are unprotected by the FSIA, may still enjoy immunity under the common law. See Samantar, 130 S. Ct. at 2292-93. First, Rondon contends that, even if statutory immunity is not available to him under the FSIA, he is entitled to common law immunity for any claims based on acts he performed in his official capacity on behalf of the Peruvian government. Second, Rondon asserts that he raised a common law immunity defense in the district court proceedings and that the question of immunity is therefore properly before the panel. After carefully reviewing the record of the proceedings, we conclude that Rondon did not raise a common law immunity defense below. We therefore affirm without addressing the question of whether Rondon is actually entitled to assert immunity under the common law as a defense.

6

An order denying a motion to dismiss on statute of limitations or exhaustion of remedies grounds is not immediately appealable as a final order under 28 U.S.C. § 1291 or as a collateral order under Cohen. Rondon does not suggest to the contrary, but he asks the panel to exercise pendent appellate jurisdiction to review these issues. Pendent appellate jurisdiction is "a judicially-created, discretionary exception to the final judgment requirement." Rux, 461 F.3d at 475. This doctrine allows us to consider issues that would not otherwise be immediately appealable "when such issues are so interconnected with immediately appealable issues that they warrant concurrent review." Id.; see Swint v. Chambers County Comm'n, 514 U.S. 35, 51 (1995). Pendent appellate jurisdiction is available only (1) when an issue is "inextricably intertwined" with a question that is the proper subject of an immediate appeal; or (2) when review of a jurisdictionally insufficient issue is "necessary to ensure meaningful review" of an immediately appealable issue. Swint, 514 U.S. at 51. The decision to exercise pendent appellate jurisdiction is "purely discretionary." Clem v. Corbeau, 284 F.3d 543, 549 n.2 (4th Cir. 2002).

We decline to exercise pendent appellate jurisdiction over the non-FSIA issues raised by Rondon. Because we affirmed the

denial of FSIA immunity without regard to the statute of limitations or the exhaustion of remedies requirement, these issues are not inextricably intertwined with the question of immunity under the FSIA, nor is our review of Rondon's claim to statutory immunity dependent in any way upon the non-FSIA issues. Finally, to the extent that Rondon urges us to review the statute of limitations and exhaustion of remedies issues for purposes of judicial economy, his argument is misguided. The doctrine of pendent appellate jurisdiction is not focused on efficiency; it is "an exception of limited and narrow application driven by considerations of need, rather than efficiency." Rux, 461 F.3d at 475.

## IV.

For the foregoing reasons, we affirm the district court's denial of immunity to Rondon under the FSIA. We dismiss the appeal as to the remaining issues.

AFFIRMED IN PART AND DISMISSED IN PART

8