Jeralyn SMITH, Plaintiff–Appellant,

v.

MASSACHUSETTS MUTUAL LIFE IN-
SURANCE COMPANY, a Massachu-
setts corporation; The Denver O–
Keefe Agency, a business of unknown
form, Defendants–Appellees,

and

William J. Brown, an individual,
Defendant.

No. 10–56001.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Dec. 8, 2010.

Filed April 14, 2011.

Kenneth Wayne Kossoff, Panitz & Kos-
soff, LLP, Westlake Village, CA, for Plain-
tiff–Appellant.

Carmen J. Cole, James J. Moak, Es-
quire, Meserve, Mumper & Hughes LLP,
Joseph P. Tabrisky, Esquire, Anderson,
McPharlin & Conners LLP, Los Angeles,
CA, for Defendants–Appellees.

Before: PREGERSON, CLIFTON, and
M. SMITH, Circuit Judges.

* This disposition is not appropriate for publica-
tion and is not precedent except as provided
by 9th Cir. R. 36–3.

MEMORANDUM *

Jeralyn Smith appeals the district
court's order compelling arbitration and
denying her motion for a preliminary in-
junction. As the facts and procedural his-
tory are familiar to the parties, we do not
recite them here except as necessary to
explain our disposition.

We may affirm the denial of a prelimi-
nary injunction "on any ground supported
by the record." *Big Country Foods, Inc.
v. Bd. of Educ.*, 868 F.2d 1085, 1088 (9th
Cir.1989). Because Smith failed to make a
"clear showing" "that [s]he is likely to
suffer irreparable harm in the absence of
preliminary relief," *Winter v. Natural Res.
Def. Council, Inc.*, 555 U.S. 7, 129 S.Ct.
365, 374, 376, 172 L.Ed.2d 249 (2008), the
district court properly denied her motion.

We lack jurisdiction over Smith's appeal
of the order compelling arbitration. *See* 9
U.S.C. § 16(b)(2). We decline to exercise
our "narrow[ ]" pendent jurisdiction over
the arbitration order. *Cunningham v.
Gates*, 229 F.3d 1271, 1284 (9th Cir.2000).
"Two issues are not 'inextricably inter-
twined' if we must apply different legal
standards to each," *id.* at 1285, and our
"review of the [arbitration] decision" is not
"necessary to ensure meaningful review of
the" injunction decision, *Swint v. Cham-
bers Cnty. Comm'n*, 514 U.S. 35, 51, 115
S.Ct. 1203, 131 L.Ed.2d 60 (1995). Ac-
cordingly, the appeal of the district court's
order compelling arbitration is dismissed.
Costs are awarded to Defendants–Appel-
lees.

**AFFIRMED IN PART; DISMISSED
IN PART.**