[DO NOT PUBLISH]


IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 11-10443
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
NOVEMBER 15, 2011
JOHN LEY
CLERK

D.C. Docket No. 7:09-cv-00200-LSC


PAULA WHITCOMB,

                                        Plaintiff - Appellee,

                    versus

SUMTER COUNTY BOARD OF EDUCATION,
FRED D. PRIMM, JR., individually and in his official capacity
as Superintendent of the Sumter County Board of Education,

                                        Defendants - Appellants.


_____

Appeal from the United States District Court
for the Northern District of Alabama
_____

(November 15, 2011)

Before MARCUS, WILSON and MARTIN, Circuit Judges.

PER CURIAM:

Paula Whitcomb claims that racial discrimination and retaliatory animus prevented her promotion to several administrative positions. She is seeking relief against Defendants Dr. Fred D. Primm, Jr. and the Sumter County School Board (Board) under 42 U.S.C. § 2000e, *et seq.*, the Equal Protection Clause of the Fourteenth Amendment, and 42 U.S.C. §§ 1981 and 1983. The district court partially granted the Defendants' motion for summary judgment by dismissing Whitcomb's discrimination claims. However, the district court found a genuine issue of material fact in Whitcomb's retaliation claim and partially denied Defendant's motion for summary judgment. The court also found that Primm was not entitled to qualified immunity and the Board could be liable to Whitcomb under a theory of municipal liability. Primm appeals the district court's decision that he is not entitled to qualified immunity and the Board appeals the district court's decision that municipal liability exists if Whitcomb establishes discrimination. We affirm the district court's determination that Primm was not entitled to qualified immunity. We dismiss the Board's interlocutory appeal for lack of jurisdiction.

In March 2008, Whitcomb filed a charge with the Equal Employment Opportunity Commission (EEOC) alleging racial discrimination. The complaint

was referred by the EEOC to Primm on March 26, 2008. On June 2, 2008, Whitcomb sent a letter of intent to Primm indicating her desire to be considered for the 2008-2009 assistant principal positions. Primm claims he did not receive this letter and that Whitcomb did not properly apply. However, it seems that both Primm and the Board were aware of Whitcomb's interest in the open positions.

We review a denial of qualified immunity *de novo* and view the evidence in the light most favorable to the nonmoving party. *Gray ex rel. Alexander v. Bostic*, 458 F.3d 1295, 1303 (11th Cir. 2006). We also review subject matter jurisdiction *de novo*. *Elend v. Basham*, 471 F.3d 1199, 1204 (11th Cir. 2006).

I.

Generally, the denial of a motion for summary judgment is not a final order subject to immediate appeal. *Gray*, 458 F.3d at 1303. Qualified immunity is "an entitlement not to stand trial . . . . when a government actor's discretionary conduct does not violate clearly established statutory or constitutional rights." *Koch v. Rugg*, 221 F.3d 1283, 1294 (citation and quotation marks omitted). The Supreme Court held that a denial of qualified immunity on a motion for summary judgment is immediately appealable when it "concerns solely the pure legal decision of (1) whether the implicated federal constitutional right was clearly established and (2) whether the alleged acts violated that law." *Koch*, 221 F.3d at,

3

1294 (11th Cir. 2000) (citing *Johnson v. Jones*, 515 U.S. 304, 312, 115 S. Ct. 2151, 2156 (1995)).  The appeal must present a "legal question concerning a clearly established federal right that can be decided apart from considering sufficiency of the evidence."  *Koch*, 221 F.3d at 1294.  Here, Primm contends that the district court erred by determining that Primm's conduct violated clearly established law; therefore, we have jurisdiction.

Whitcomb concedes that Primm acted within his discretionary capacity at the time that he allegedly retaliated against her; therefore our analysis focuses on whether Primm violated clearly established law.  We decide whether the alleged facts show a violation of clearly established law by "(1) defining the official's conduct, based on the record viewed most favorably to the non-moving party, and (2) determining whether a reasonable public official could have believed that the questioned conduct was lawful under clearly established law."  *Koch*, 221 F.3d at 1295–96.

We have clearly established a person's right to be free from retaliation after complaining of racial discrimination.  *Andrews v. Lakeshore Rehab. Hosp.*, 140 F.3d 1405, 1411–13 (11th Cir. 1998).  Primm attempts to argue that he did not violate clearly established federal law because it is unclear whether or not a reasonable public official would fail to interview a person who did not properly

4

apply for a position. Primm's formulation of the issue is an attempt to reach the factual determination of the district court that genuine issues of material fact exist. This is not a proper inquiry. Defining Primm's conduct in the light most favorable to Whitcomb, we ask whether the law is clearly established that Primm cannot retaliate for a complaint of racial discrimination. No reasonable public official would think that it is permissible to retaliate against an individual for filing an EEOC complaint. The district court found that a reasonable jury could find that Primm violated Whitcomb's clearly established right to be free from retaliation by failing to even interview Whitcomb for the assistant principal positions. We agree with this finding and affirm the district court.

## II.

Next, the Board claims we have jurisdiction to decide whether the district court correctly held that there is municipal liability through pendent jurisdiction. However, "pendent appellate jurisdiction is limited to questions that are 'inextricably interwoven' with an issue properly before the appellate court." *Harris v. Bd. of Educ.*, 105 F.3d 591, 594 (11th Cir. 1997) (per curiam) (citing *Swint v. Chambers County Comm'n*, 514 U.S. 35, 51, 115 S. Ct. 1203, 1212 (1995)). The pendent issue must be essential to the resolution of the issue over which appellate jurisdiction exists. *Swint*, 514 U.S. at 51, 115 S. Ct. at 1212. In

order to determine whether Primm has qualified immunity, it is not necessary to determine whether the Board could be held liable to Whitcomb on a theory of municipal liability.  Therefore, we dismiss the Board's appeal for lack of jurisdiction.

**AFFIRMED IN PART AND DISMISSED IN PART**