
**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JOSEPH DE VINCENZI, | No. 13-15041 |
| Plaintiff - Appellee, | D.C. No. 2:11-cv-03268-KJM-DAD |
| v. | |
| CITY OF CHICO; TRAVIS DYKE, AKA Stephen Dyke; MIKE FRAKES, | MEMORANDUM[*] |
| Defendants - Appellants. | |

Appeal from the United States District Court
for the Eastern District of California
Kimberly J. Mueller, District Judge, Presiding

Argued and Submitted February 5, 2015
San Francisco, California

Before: TALLMAN and RAWLINSON, Circuit Judges, and DEARIE, Senior
District Judge.[**]

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The Honorable Raymond J. Dearie, Senior United States District
Judge for the Eastern District of New York, sitting by designation.

Joseph De Vincenzi filed a 42 U.S.C. § 1983 action against Officers Travis Dyke and Mike Frakes ("the officers"), and the City of Chico, alleging civil rights violations for failing to find and remove from his person a butane lighter during their brief search incident to arrest, and for ignoring his cries for help for a period after he had set himself on fire. The officers, in turn, filed a Fed. R. Civ. P. 12(b)(6) motion seeking the protection of qualified immunity. The district court denied their motion to dismiss, and this interlocutory appeal followed. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Construing all facts in the light most favorable to De Vincenzi at this stage of the case, *see Frudden v. Pilling*, 742 F.3d 1199, 1202 (9th Cir. 2014), the amended complaint alleges that the officers knew De Vincenzi was inebriated, "had a history of psychiatric illness, had on several occasions attempted suicide, and had a history of being [institutionalized by state authorities] for being a danger to himself and others." Despite an awareness of this history, the officers either failed to locate or decided not to remove a butane cigarette lighter from De Vincenzi's pocket. While being transported to the police station, De Vincenzi was banging his head on the plexiglass screen, kicking at the metal bars covering the windows, shouting, and making suicide threats. The officers shackled his hands and feet and placed him in the back of a transport van, where he attempted to

2

light a cigarette.  De Vincenzi either accidentally set his clothing on fire or he actually attempted to commit suicide by self-immolation.  De Vincenzi's amended complaint alleges that the officers "knew of the danger of an attempt to injure himself but consciously ignored [De Vincenzi's] cries for help until [he] received vastly more serious burns than if [the officers] had properly monitored him." De Vincenzi suffered severe second and third degree burns over 32% of his body.

De Vincenzi alleges the officers violated his due process rights to receive adequate medical care under the Fourteenth Amendment by failing to protect him from self-inflicted harm while he was in police custody.[1]  To establish a violation of this constitutional right, De Vincenzi must show the officers were deliberately indifferent to his serious medical needs.  *See Gibson v. Cnty. of Washoe, Nev.*, 290 F.3d 1175, 1194 (9th Cir. 2002).  "A heightened suicide risk or an attempted suicide is a serious medical need."  *Conn v. City of Reno*, 591 F.3d 1081, 1095 (9th Cir. 2009), *as amended*.  De Vincenzi has pleaded sufficient facts to meet the first prong.

---

[1] De Vincenzi also alleges the City of Chico has a custom and policy of failing to monitor people in custody while in the transport van.  Because municipalities are not entitled to qualified immunity, we lack jurisdiction to review this *Monell* claim at this juncture.  *See Swint v. Chambers Cnty. Comm'n*, 514 U.S. 35, 43 (1995).

3

De Vincenzi offers two theories for proving that the officers' state of mind constituted deliberate indifference to his heightened suicide risk. First, he alleges the officers failed either to locate or to remove the cigarette lighter from his pocket upon searching him. This allegation asserts, at best, a negligence claim. *Cf. Farmer v. Brennan*, 511 U.S. 825, 835 (1994) ("[D]eliberate indifference describes a state of mind *more blameworthy than negligence*." (emphasis added)). However, De Vincenzi's second theory is that the officers "consciously ignored [his] cries for help," causing him to suffer "vastly more serious burns." This allegation establishes the requisite *mens rea* element of deliberate indifference.[2] *Cf. id.* at 837 (defining the standard). That allegation is sufficient to survive a motion to dismiss and proceed to discovery.

Furthermore, the officers' duty to provide adequate medical care, including suicide prevention, was clearly established as of December 2009. *See Conn*, 591 F.3d at 1102. A reasonable officer would assume such a duty extends to responding to the cries for help from an incapacitated arrestee who is on fire. De Vincenzi alleges that the officers heard his cries but delayed his rescue, and

---

[2] This same allegation sufficiently pleads causation for the purposes of surviving a Rule 12(b)(6) motion. *Cf. Conn*, 591 F.3d at 1098-102.

thus he has sufficiently pleaded facts that could plausibly give rise to a § 1983 claim under which the officers may not be entitled to qualified immunity.

The district court is free to revisit entitlement to qualified immunity after discovery and a properly presented summary judgment motion.

**AFFIRMED.**

5