*977 CLIFTON, Circuit Judge,
concurring in part and dissenting in part:
I fully concur in Parts I — III of the majority opinion. I regret, however, that I must dissent from Part IV, in which the majority concludes that we lack pendant jurisdiction over the district court’s denial of the Department’s motion to approve a proposed revised notice to program participants. It is clear to me that we do have jurisdiction and should address that issue on the merits.
I agree that we would not have jurisdiction over an appeal from the denial that motion .if it were standing by itself, unless, of course, it was brought as an interlocutory appeal under 28 U.S.C. § 1292(b). But it is not standing by itself. It comes to us because it is directly connected to the appeal by the Department of the district court’s expansion of the preliminary injunction, over which the majority opinion acknowledges our jurisdiction.
The district court recognized the connection between the two motions. It dealt with both in the same memorandum decision and order. It expressly noted in that order that before it could deal with the motion to extend the preliminary injunction, it was “require[dj” to address the Department’s motion to approve the revised notice:
Plaintiffs move to extend the preliminary injunction entered on behalf of the named plaintiffs to the entire class. Before reaching the merits of that motion, the Court must consider two arguments IDHW raises in opposition.... Second, IDHW claims that the motion to extend is moot because IDHWs latest proposed Notice satisfies the Medicaid regulations and due process. Resolution of the latter argument requires the Court to decide IDHW’s motion to approve their proposed budget notice.
Similarly, the district court explicitly noted that it was the denial of the Department’s motion to approve the revised notice that opened the door to granting the motion to extend the preliminary injunction:
For these reasons, the Court holds that IDHW’s notice does not comport with due process, and will deny IDHW’s motion to approve the Notice. Furthermore, because the notice is not sufficient, Plaintiffs have established an ongoing violation for the purposes of the preliminary injunction.
The logic is clear. If the revised notice were adequate — if it was held to comport with due process — then Plaintiffs would not have “established an ongoing violation,” and there would be no good reason to extend the preliminary injunction. The district court understood and said as much.
The majority opinion offers only one explanation for its different approach. It observes that the proposed notice had not yet been circulated at the time that the motions came before the district court and the preliminary injunction. was issued. That is hardly surprising, because no interest would have been served by the Department sending out a revised notice that was inadequate. Doing so would have been wasteful and likely confusing to the recipients.
Nonetheless, the majority opinion, at 27, infers that “[e]ven if the district court had approved the 2013 Proposed Notice, it still would have been appropriate to expand the preliminary injunction to protect the status quo until that notice was circulated.”
But the district court never said that. Notably, its discussion of the motions, as quoted above, contradicts the majority opinion’s assertion that the preliminary injunction would in fact have been extended if the revised notice had been deemed sufficient. It is both logical and clear from the words used by the district court that if it had concluded that the revised notice *978 was sufficient, it would not have extended the preliminary injunction as it did.
The extension of the preliminary injunction was not a simple thing. The “order” portion of the preliminary injunction as extended by the district court takes up six pages of the court’s order. If the district court had concluded that the revised order were sufficient, it would have put the preliminary injunction on hold until the Department had accomplished what it promised to do — distribute the revised notice to the participants — and then dissolved it. The majority opinion’s premise to the contrary is both illogical and contrary to what the district court, actually said.
Instead, the district court extended the preliminary injunction and refused to modify or dissolve it, as sought by the Department. We are allowed to review the denial of the Department’s request that the injunction be modified, conditioned upon the new notice, or dissolved, after the new notice had been distributed. The statute could not be clearer:
Interlocutory orders of the district courts of the United ■ States ... granting, continuing,' modifying, refusing or dissolving injunctions, or refusing to dissolve or modify injunctions, except where a direct review may be had in the Supreme Court;
28 U.S.C. § 1292(a)(1) (emphasis added).
Similarly, as the majority opinion acknowledges, we may exercise pendant appellate jurisdiction if the denial of the Department’s revised notice motion if it is “inextricably intertwined with” or “necessary to ensure meaningful review of’ the order extending (and refusing to modify or dissolve) the preliminary injunction. Meredith v. Oregon, 321 F.3d 807, 813 (9th Cir.2003) (citing Swint v. Chambers Cnty. Comm’n, 514 U.S. 35, 51, 115 S.Ct. 1203, 131 L.Ed.2d 60 (1995)). For the reasons already discussed, the denial of the revised notice motion fits both descriptions.
The approach of the majority opinion exalts form over substance and does so in a way that, in the future, could cause harm. The Department could, for example, jump the barrier imposed by the majority opinion by sending a revised notice out without waiting for any approval by the district court, then moving to dissolve or modify the injunction. There is no doubt that a denial of that motion would be immediately appealable. What sense is there in motivating the Department — or any party in a similar position in the future — to proceed without consulting with the district court, with other possibly ill effects, simply to permit an immediate appeal it should be entitled to bring?
It is not hard to see how that barrier could thwart appropriate appellate review in the future, especially if a district court could avoid immediate review simply by ruling separately on related motions and declining to acknowledge the connections. The district court here made no effort to do that. To the contrary, and to its credit, it explicitly recognized that the motion to approve the revised notice needed to be dealt with before the motion to extend the injunction, because the second rested upon the resolution of the first. We should not put blinders on by disregarding what was obvious to the district court. And, to mix metaphors, it does not make sense to tie our own hands as the majority opinion has done here.
The majority opinion says that the Department should just agree to final judgment on the case and appeal under 28 U.S.C. § 1291. I fail to see why the Department should be forced to give up whatever other issues might be addressed by the district court before a final judgment is entered. The statute does not require that — preliminary injunctions are immediately appealable. Nor would that alternative route always be available to parties in *979 the future. There could well be issues outstanding in a case that would need to’ be resolved before a final judgment could be entered, unless the party simply abandoned its claims or confessed judgment on whatever might remain. That would hardly be a realistic alternative in those circumstances, and it should not be the price to obtain review of a decision that under-girds the district court’s order regarding a preliminary injunction.
The district court recognized that the revised motion order address the preliminary injunction motion. We should do the same.
I respectfully dissent, in part.