UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 17-1331
_____

UNITED STATES OF AMERICA

v.

WAYNE A.G. JAMES,

Appellant
_____

APPEAL FROM THE DISTRICT COURT OF THE VIRGIN ISLANDS
(D.C. Crim. Action No. 3-15-cr-00042-001)
District Judge: Honorable Curtis V. Gómez
_____

Before: GREENAWAY, JR., SHWARTZ, and FUENTES, *Circuit Judges*.

_____

JUDGMENT ORDER
_____


This case is dismissed for lack of appellate jurisdiction.

Generally, rejections of speech-or-debate clause immunity are collaterally

appealable. *Helstoski v. Meanor*, 442 U.S. 500, 506–08 (1979); *Youngblood v. DeWeese*,

352 F.3d 836, 838 (3d Cir. 2003). However, the District Court's February 7 oral order

was not a definitive decision, even on the speech-or-debate issue. That order expressly

contemplated further review of supplemental materials. As such, it was not "made with

the expectation that [it] will be the final word on the subject addressed." *Praxis*

*Properties, Inc. v. Colonial Sav. Bank, S.L.A.*, 947 F.2d 49, 54–55 (3d Cir. 1991). Rather, the District Court's February 7 oral order was "tentative, informal or incomplete." *Swint v. Chambers Cty. Comm'n*, 514 U.S. 35, 42 (1995). Those supplemental materials were then submitted—along with a second round of submissions permitted by court order—but no subsequent, final order was issued reflecting additional review.

Moreover, Appellant filed a motion asking the District Court, among other things, to conclusively and formally rule on the speech-or-debate issue. The District Court has not done so, even though it has acted on other motions. In this context, we cannot interpret the District Court's silence—over a very short period of time—as indicating that the tentative February 7 order had crystallized into a final order. The District Court was given an opportunity to say as much and declined the invitation. There is no indication that "no further consideration is contemplated by the district court." *Martin v. Brown*, 63 F.3d 1252, 1259 (3d Cir. 1995). Without a conclusive and final resolution of the speech-or-debate issue, we lack appellate jurisdiction to consider the question.

We encourage the District Court to enter a final decision and order on the defendant's motion, taking into account the supplemental materials and making whatever formal findings of fact that are necessary. *See United States v. Menendez*, 831 F.3d 155, 164 (3d Cir. 2016) (noting that we review speech-or-debate findings of fact for clear error); *see also* Fed. R. Crim. P. 12(d) ("When factual issues are involved in deciding a [pretrial criminal] motion, the court must state its essential findings on the record."). The

2

District Court should issue its decision in advance of trial so that we may review it. *See, e.g., United States v. Modanlo*, 762 F.3d 403, 410-13 (4th Cir. 2014).

By the Court,


<u>s/Joseph A. Greenaway, Jr.</u>
Circuit Judge

ATTEST:

<u>s/ Marcia M. Waldron</u>
Clerk

Dated:      April 12, 2017