**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 18-2308**

MAURICE GRIER,

        Plaintiff – Appellee,

    v.

THE CHARLOTTE-MECKLENBURG BOARD OF EDUCATION,

        Defendant – Appellant,

and

DUNCAN GRAY, Individually and as an employee of the Charlotte-Mecklenburg
Board of Education,

        Defendant.

------------------------------

NORTH CAROLINA SCHOOL BOARDS ASSOCIATION,

        Amicus Supporting Appellant.

Appeal from the United States District Court for the Western District of North Carolina, at
Charlotte. Frank D. Whitney, Chief District Judge. (3:17-cv-00486-FDW-DSC)

Submitted:  March 26, 2020                  Decided:  April 10, 2020

Before AGEE, RICHARDSON, and QUATTLEBAUM, Circuit Judges.

Dismissed by unpublished per curiam opinion.

———————————

K. Dean Shatley, II, CAMPBELL SHATLEY, PLLC, Asheville, North Carolina; Jill Y. Sanchez-Myers, CHARLOTTE-MECKLENBURG BOARD OF EDUCATION, Charlotte, North Carolina, for Appellant. Paul A. Tharp, ARNOLD & SMITH, PLLC, Charlotte, North Carolina, for Appellee. Deborah R. Stagner, THARRINGTON SMITH, L.L.P., Raleigh, North Carolina; Allison B. Schafer, NORTH CAROLINA SCHOOL BOARDS ASSOCIATION, Raleigh, North Carolina, for Amicus The North Carolina School Boards Association.

———————————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Following his high school band instructor's criminal sexual conduct against him, Maurice Grier sued the instructor and the instructor's employer, the Charlotte-Mecklenburg Board of Education (the "Board"), for alleged violations of state and federal law. The Board moved to dismiss the state negligence and tort claims on the basis of governmental immunity and the state constitutional and federal claims on the basis that Grier had failed to state viable claims for relief. The district court granted immunity as to the state negligence and tort claims, but denied the motion as to the other claims. The Board filed this appeal challenging the district court's denial of its motion to dismiss the state constitutional claims. For the reasons discussed below, we lack jurisdiction to consider the Board's appeal, and therefore dismiss it.

I.

The facts, as set out in the amended complaint, can be summarized as follows.[1] From 2010 to 2014, Grier was a student at a Charlotte, North Carolina public high school. Before the beginning of the 2010 academic year, the Board hired Duncan Gray as a band instructor despite having actual knowledge of his history of sexual misconduct with students at other schools where he had previously worked.

---

[1] When considering a motion to dismiss, the Court must accept the material facts alleged in the complaint as true. *Edwards v. City of Goldsboro*, 178 F.3d 231, 244 (4th Cir. 1999).

Throughout the four years when Gray was employed and Grier was his student, Gray sexually harassed and propositioned Grier and his classmates. Under the auspices of tutoring Grier, Gray manufactured ways to be alone with him. For example, Gray provided after-school music lessons and offered to drive the students home, inevitably stopping by Grier's home last. During the times he was alone with Grier, Gray engaged in sexually explicit conversations with and inappropriately touched him. When, in the spring of 2011, the Board learned that Gray had been engaging in inappropriate sexual conversations with other students at Grier's school, it suspended Gray for two weeks, but later allowed him to resume teaching with no additional punishment or supervision. Upon returning to work, Gray resumed and escalated his harassment and sexually inappropriate conduct. And when Grier rejected those advances, Gray retaliated. This pattern of harassment and disparagement continued until Grier's graduation in 2014.

In 2016, Gray was charged with and pleaded guilty to one count of taking indecent liberties with a student (Grier), in violation of N.C. Gen. Stat. § 14-202.4(a).

The following year, Grier filed a complaint, which he later amended, in the U.S. District Court for the Western District of North Carolina, alleging claims against both Gray and the Board.[2] With respect to the Board, Grier alleged the following: a claim for sex discrimination in violation of Title IX; a § 1983 claim alleging due process violations; six state negligence and tort claims; and North Carolina constitutional claims alleging

---

[2] Gray separately moved to dismiss the claims against him, and the district court denied that motion. Those claims remain pending, and Gray is not a party to this appeal.

deprivations of the right to education established in Article I § 15 and Article IX § 1, and violation of the due process rights established in Article I § 19.

The Board moved to dismiss the amended complaint in its entirety, though it raised different arguments as to the various claims. With regard to the state negligence and tort claims, the Board cited Federal Rule of Civil Procedure 12(b)(1), (2) and asserted that it had not waived governmental immunity and thus could not be sued for negligence or tort claims. As for the state constitutional and federal claims, the Board cited Federal Rule of Civil Procedure 12(b)(6) and argued that Grier failed to allege facts that would support a cognizable claim under the relevant provisions.

The district court granted the Board's motion to dismiss in part, and denied it in part. It found that the Board had not waived governmental immunity as to the state negligence and tort claims and it dismissed them. The court, in conclusory fashion, then denied the motion to dismiss the state constitutional and federal claims without explaining the basis for its decision beyond indicating that it had reviewed the record and applicable law. The district court indicated its ruling was without prejudice to the Board to renew its argument following discovery, "if appropriate." J.A. 486.

The Board noted an appeal of the denial of the motion to dismiss the state constitutional claims, and the district court stayed further proceedings pending this appeal.[3]

---

[3] The district court's denial of the Rule 12(b)(6) motion to dismiss the federal claims is not at issue in this appeal; those claims remain pending in the district court.

5

II.

Before reaching the merits of an appeal, we must first determine that we have jurisdiction. Federal law authorizes circuit courts of appeals to review "final decisions of the district courts." 28 U.S.C. § 1291.[4] Ordinarily, an order denying a motion to dismiss is not a "'final decision,' and thus does not provide the proper basis for an appeal" because it does not dispose of all claims against all parties. *Davis v. City of Greensboro*, 770 F.3d 278, 281 (4th Cir. 2014). The collateral order doctrine is an exception to that rule. It deems an order that does not end the litigation to be "final" under § 1291 when it is "conclusive," "resolve[s] important decisions separate from the merits," and is "effectively unreviewable on appeal from the final judgment in the underlying action." *Id.* (quoting *Swint v. Chambers Cty. Comm'n*, 514 U.S. 35, 42 (1995)). We have previously recognized that the collateral order doctrine allows the immediate appeal of orders denying governmental immunity under North Carolina law when the decision "turn[s] on an issue of law," *id.* at 282, because this type of immunity is a "complete defense that shields a defendant entirely from having to answer for its conduct at all in a civil suit for damages," *id.* at 281 (internal quotation marks omitted).

But the collateral order doctrine affords the Board no relief here because it did not rely on governmental immunity as its basis for challenging the state constitutional claims in district court. The Board's motion to dismiss invoked governmental immunity *only* with

---

[4] Federal law also authorizes us to review certain interlocutory decisions as well, 28 U.S.C. § 1292, but none of these provisions even arguably apply to this case.

6

respect to the negligence and tort claims. When moving to dismiss the state constitutional claims under Rule 12(b)(6), the Board asserted the complaint "does not allege any factual basis to support a state constitutional violation." J.A. 21. Furthermore, its arguments supporting dismissal of the state constitutional claims similarly did not mention governmental immunity or otherwise discuss the principles relevant to its application.[5]

The Board's failure to raise governmental immunity as the basis for dismissing the state constitutional claims in the district court means that it has waived the opportunity to assert governmental immunity as to those claims in this appeal. *See Lambert v. Town of Sylva*, 816 S.E.2d 187, 193 (N.C. App. 2018) ("Where a defendant does not raise the affirmative defense of governmental immunity, normally by a motion to dismiss or answer, it is waived."); *DeMurry v. N.C. Dep't of Corrs.*, 673 S.E.2d 374, 379 (N.C. App. 2009) (holding that when a defendant has failed to raise governmental immunity "in his pleadings or in the trial, he cannot present it on appeal").[6] Having waived the argument that would

---

[5] Two additional observations bolster our understanding of the Board's position in the district court. First, the district court addressed governmental immunity in the context of the other claims, but plainly did not consider the Board to be raising that argument as to the state constitutional claims. Nor did the Board move for reconsideration in the district court due to a misunderstanding of its position. Second, in its appellate brief, the Board invokes governmental immunity as the basis for this Court's jurisdiction to consider the interlocutory appeal, but its substantive arguments about why each claim fails reiterate the arguments it raised below, which are not immunity-oriented arguments.

[6] This Court has recognized that when a "state's highest court does not provide an answer" on a matter of state law, then we will "defer to a decision of the state's intermediate appellate court," although "to a lesser degree than we do to a decision of the state's highest court." *F.D.I.C. ex rel. Coop. Bank v. Rippy*, 799 F.3d 301, 310 (4th Cir. 2015) (internal quotation marks and citation omitted).

be the only basis for establishing jurisdiction under the collateral order doctrine, we lack jurisdiction over the appeal.

## III.

Therefore, we dismiss the appeal for the reasons set out above. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this Court and argument would not aid in the decisional process.

*DISMISSED*